HELLAMS v. PRIOR.

*Fully reported ante, p. 296.*

1. DISCRETION—CHAMBERS.—A CIRCUIT JUDGE may within his discretion, at chambers, pass an order bringing in new parties defendant.
2. DECREE—CIRCUIT JUDGE.—After hearing and before filing decree in case, Circuit Judge may make any order he deems proper.
3. APPEAL.—AN OBJECTION not raised by demurrer or answer, or not passed on by Circuit Judge, can not be raised in this Court.
4. REHEARING refused.

The petition for rehearing in.this case was disposed of by the Court by the following order, filed

November 25, 1902,

PER CURIAM.    The appellant has filed a petition for a rehearing on several grounds, the first of which is because this Court failed to consider the questions arising under exceptions I., II. and III.    The conclusion reached by this Court upon the merits of the case, and upon the issues presented by the pleadings rendered, in its opinion, immaterial the consideration of the questions raised by the exceptions just mentioned; especially after the appellant's attorney in his carefully prepared and elaborate argument had failed to discuss them.

We proceed to show that the failure to consider those exceptions in detail was in nowise prejudicial to the rights of the appellant.    The first and second exceptions are as fol-

lows: "I. Because his Honor, Judge Aldrich, erred in allowing the defendant, John W. Carlisle, as executor, to be made a party defendant, because he was neither a necessary or proper party to the action, and he was without jurisdiction to make such an order at chambers.    II. Because his Honor, Judge Klugh, erred in allowing the heirs of E. H. Cooper to be made party defendants, because they were neither necessary nor proper parties to the action, and he was without jurisdiction to make such an order at chambers."

It does not appear in the record that there was objection on the part of the appellant to the granting of said orders. In fact, the record shows that no one appeared for the purpose of resisting the order of his Honor, Judge Aldrich.    Furthermore, when the amended complaint, making the foregoing persons parties defendant, was served upon the appellant, he did not urge the objection that they were neither necessary nor proper parties to the action, but put in issue by his answer the merits of the case.    We deem it only necessary to refer to sections 143 and 194 of the Code, to show that the Court had the discretionary power to add the names of the foregoing defendants, and to sec. 402 of the Code, and sec. 2733 of the Code, 1902, to show that he had such power at chambers.

The third exception is as follows: "III. Because his Honor, Judge Watts, erred in granting a rehearing to the defendant, Carlisle, because he was in effect granting a new trial, which he was without jurisdiction to grant at chambers."    His Honor, the Circuit Judge, had jurisdiction to make any order he saw fit before filing his decree in the case.    *State* v. *Fullmore,* 47 S. C., 34, 24 S. E. R., 1026.    Furthermore, it cannot be successfully contended that the order of his Honor, Judge Watts, in effect granted a new trial, because such order presupposes the rendition of judgment which had not then been filed.

The appellant further contends that he was prejudiced by the failure of the Court to consider exception XIX., which is as follows: "XIX. Because his Honor erred in attempting

to decree specific performance when one of the parties in interest, S. T. Prior, was not before the Court." This objection was neither urged by demurrer or answer, was not passed upon by the Circuit Court, and is not, therefore, properly before this Court for consideration. The appellant likewise failed to discuss this question in his argument.

The last ground in the petition for rehearing is as follows: "Because it is respectfully submitted that his Honor, Judge Benet, did not consider nor pass upon the questions raised in exceptions XII. to XXVIII. exclusively." These exceptions allege error on the part of his Honor, the Circuit Judge, in not holding in the manner therein mentioned, and are practically disposed of by his decree, for the reasons therein stated.

It is the judgment of this Court, that the petition be dismissed and that the order heretofore granted staying the remittitur be revoked.