FIRST NATIONAL BANK v. LEE.

REFERENCE — ATTORNEYS — PARTIES — NEW TRIAL — JURISDICTION. — A JUDGE AT CHAMBERS in another county than in which the cause was heard, after adjournment of Court, but before decree, has jurisdiction on motion to make an order referring case to another referee to take evidence on the issues, and to permit other attorneys to appear on record on behalf of persons whose interests may be effected. The fact that the order in terms grants a new trial, does not effect it.

Before DANTZLER, J., Fairfield, April, 1903. Affirmed.

Action by First National Bank of Charlotte against T. B. Lee, Jr., and Wm. H. Lyles. From order referring case after argument, plaintiff appeals.

*Mr. D. W. Robinson,* for appellant, cites: *As to jurisdiction of Circuit Judge to grant new trial:* Code of Proc., 1902, secs. 286, 287; Code, 1902, secs. 2733, 2734; 10 S. C., 313; 14 S. C., 520; 33 S. C., 403; 23 S. C., 231; Code of Proc., 1902, sec. 402; 5 S. C., 349; 34 S. C., 135; 31 S. C., 517; 30 S. C., 614; 44 S. C., 386; 42 S. C., 202; 33 S. C., 403; 47 S. C., 273; 16 S. C., 122; 64 S. C., 544; 47 S. C., 34. *As to amicus curiae—intervention:* 167 U. S., 209; 135 U. S., 662; 172 U. S., 111; 121 U. S., 404. *Not case against the State:* 169 S. C., 466; 167 U. S., 223; 122 Fed. R., 1010.

*Mr. Wm. Elliott, Jr.,* contra, cites: *The power of the Court to permit an amicus curiae to appear:* 2 Mass., 207; 11 Grat., 656; 21 Nev., 127; 122 Fed. R., 1010; 13 S. C., 438; 177 U. S., 370. *Jurisdiction of the Circuit Judge to make the order:* 16 S. C., 478; 17 S. C., 529; 18 S. C., 603; 19 S. C., 600; 25 S. C., 119; Code of Proc., 1902, sec. 139; 26 S. C., 590; 64 S. C., 543; 65 S. C., 573.

February 19, 1904. The opinion of the Court was delivered by

MR. ALLEN J. GREEN, *acting Associate Justice, in place of* CHIEF JUSTICE POPE, *disqualified.* This is an appeal from an order of Judge Dantzler in terms granting a new trial, permitting the intervention of counsel on behalf of certain taxpayers of Fairfield County, and referring the cause to J. E. McDonald, Esq., to take the testimony upon the issues in the case, including the questions raised on the motion for intervention and the affidavit in support thereof, and "report the same with his findings of fact and his conclusions of law upon all issues in the case."

The cause is an action for the foreclosure of a mortgage of certain real estate in Fairfield County, brought by the mortgagee against the mortgagor, and a subsequent purchaser from him; the breach alleged is a covenant in the mortgage to pay or tender the taxes assessed against the mortgaged premises for the year 1900. The answer denies the breach, and with particularity sets out the history and legislation of the revenue bond script of the State and a tender of the amount of the taxes due, a portion in money and a portion in revenue bond script.

The cause was by consent referred by the clerk to Hunter A. Gibbes, Esq., as special referee, to take the testimony and report the facts, and was heard upon the report of the referee and testimony at February term, 1903, of the Court of Common Pleas for Fairfield County, by his Honor, Judge Dantzler, then presiding in the sixth circuit, who took the case under advisement with a view of rendering and filing his decree subsequent thereto. After the final adjournment of the Court of Common Pleas for Fairfield County, which occurred on February 28th, 1903, and before any decree had been rendered, a motion upon notice supported by affidavit was made before Judge Dantzler at Yorkville, upon the hearing of which, he granted the order from which the plaintiff appeals to this Court upon the exceptions set out in the record.

The third exception was abandoned at the hearing; the other exceptions practically raise three questions: 1. Want

of jurisdiction to grant the order at the time and place it was granted. 2. Error in granting new trial and want of jurisdiction in granting the same at the time and place it was granted; and 3. Error in reopening the whole case and referring it to McDonald, referee.

These questions will be considered in their order. It appears that while the order appealed from was granted at chambers without the county of Fairfield and after the adjournment of the February term of the Court of Common Pleas for that county, it was, nevertheless, granted by the Judge who had the cause under advisement after a hearing in Court in the proper county, and before any decree had been filed in the cause. Under such circumstances, the Judge who heard the cause had jurisdiction to make any order he deemed proper in the cause. *Hellams* v. *Prior,* 64 S. C., 543, 43 S. E., 25; *State* v. *Fullmore,* 47 S. C., 34, 24 S. E., 1026. The fact that the order in terms grants a new trial, cannot affect the question, for the reason that a new trial presupposes the rendition of a judgment, which, as we have seen, had not been done in this case. *Hellams* v. *Prior, supra.* For this reason, the cases cited by appellants are not in point.

Under the authority of *Lowndes* v. *Miller,* 25 S, C., 122; *Hellams* v. *Prior, supra; Bank* v. *Fennell,* 55 *Ib.,* 379, 33 S. E., 485; *Muckenfuss* v. *Fishburne,* 65 *Ib.,* 573, after hearing and before filing decree in an equity cause, the Judge has power at chambers in a county other than the one in which the action is pending, to grant an order bringing in new parties defendant and recommitting or referring the cause. Whether the Judge would refer the whole case or only refer or recommit for further testimony, is matter addressed to the "discretion of the Court as matter of administration, for the purpose of preparing and speeding a hearing of the cause upon its merits. It determines no rights or issues, it does not involve the merits and does not affect any substantial right, which in effect determines the action and prevents a judgment. An appeal from such an order will

not be entertained unless it operates to deny to a litigant a mode of trial to which he is entitled by law, or unless the order is assailed for want of jurisdiction." *Muckenfuss* v. *Fishburne*, 65 S. C., 574. This is an equity cause; it is not excepted by appellants that the order operates to deny plaintiff the mode of trial to which it is entitled by law; as we have seen, the Judge had jurisdiction to grant the order. It follows that the exceptions must be overruled and the order appealed from affirmed.

It is the judgment of the Court, that the exceptions are overruled, and the order appealed is affirmed.