### 8135

#### PEOPLES BANK OF GREENVILLE v. SPEEGLE.

INDORSER—COUNTY WARRANTS.—One indorsing a paper purporting to be a valid county warrant and selling it is liable to the purchaser for the damage he sustained by reason of the transaction in not being able to collect the warrant because invalid.

Before GAGE, J., Greenville, March term, 1911. Affirmed.

Action by Peoples Bank of Greenville against Hattie K. Speegle, M. J. Tanner, admr., and H. C. Wood. Hattie K. Speegle appeals.

*Mr. B. M. Shuman,* for appellant, cites: *Writing the name across the warrant is only an assignment:* 7 Rich. L. 13; 2 Ency. 1091; 38 S. C. 138. *The findings of the examining committee conclude nothing:* 81 S. C. 425; 18 S. C. 135. *This claim must be sued before county commissioners:* 24 S. C. 543; 85 S. C. 297; 81 S. C. 201.

*Messrs. McCullough, Martin & Blythe,* contra, cite: *Assignor of nonnegotiable paper, if invalid, is liable to assignee for amount paid:* 2 Ency. 1090; 4 Cyc. 82, 84; 81 S. C. 90; 87 A. D. 382; 51 A. D. 116; 163 U. S. 400; 111 N. W. 499.

March 13, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This was an action for damages upon an indorsement of a fraudulent claim against Greenville county. On March 31, 1904, the defendant, Hattie K. Speegle, sold to the plaintiff for $404 what purported to be a valid claim for $440 against Greenville county for three mules, the claim being in favor of Tanner and Wood. This claim was endorsed before delivery by Mrs. Speegle and by

Tanner and Wood.    Before the transfer and sale, the claim had been approved by the then county board of commissioners, of whom J. E. Speeble, supervisor (the husband of defendant, Hattie K. Speegle), was chairman.    Subsequently this claim was presented to J. N. Walker, supervisor, who refused to pay the same upon the ground that it was fraudulent.    *Bank* v. *Goodwin,* 81 S. C. 420, 62 S. E. 1100. It was passed upon and rejected as fraudulent by the investigating committee appointed under act of 1905, 24 Stat. 1109.    Thereafter plaintiff applied in the original jurisdiction of this Court for a writ of mandamus to compel J. P. Goodwin, supervisor, to pay this and other claims, which plaintiff held as assignee or to include them in his estimate of expenses to the General Assembly.    The Court denied the writ so far as this claim was concerned, holding that as it was not dated it was not a valid judgment against Greenville county.    *Peoples Bank* v. *Goodwin,* 31 S. C. 419, 62 S. E. 1100.    This opinion was filed November 16, 1908.    The claim being for the year 1904, was barred unless presented in that year, and was then believed by plaintiffs to be fraudulent.    It elected to treat it as such and sued, alleging the claim was fraudulent and that the defendants, by their endorsement, had guaranteed its validity, and hence were liable in damages for the breach of the warranty contained in their endorsement for an amount equal to that advanced upon the claim.

The case came on for trial before his Honor, Judge Gage, and a jury, and at the close of the testimony both plaintiff and defendant moved the Court to direct a verdict.    The defendant, Mrs. Speegle, made her motion on the ground that the action being based on the allegation that the claim was fraudulent and in fact no claim against the county, and it not appearing that the plaintiff or any one else had ever presented the claim to the county board of commissioners for approval in such shape as to give said board jurisdiction to pass on the validity thereof, no action thereon could be

maintained in the Court of Common Pleas, and that until such claim was presented and rejected by said board, plaintiff could not recover from the said Hattie K. Speegle anything, on the ground that the same was not a valid claim, the said board of county commissioners being the only court or tribunal having jurisdiction to pronounce said claim invalid and reject it, and it not appearing this had been done, the plaintiff could not maintain this action. Judge Gage refused the motion of defendant. The jury found a verdict for plaintiff under direction of the Court, on the ground the claim sold by defendant to plaintiff was fraudulent, spurious and void. Defendant, Mrs. Speegle, appeals, alleging error on part of the Circuit Judge in not directing verdict in her favor on grounds moved for.

We do not think this position can be sustained. This action was not brought upon a claim against the county, but upon an endorsement upon what purported to be a valid, outstanding claim against the county, when in fact the pretensive claim against the county, endorsed by defendant, was spurious, fraudulent and void. Here we have the defendant in possession of a claim against Greenville county for $440 endorsed by Tanner and Wood. It purports to be a *bona fide* claim against the county. She sells it to the plaintiff and endorses it, thereby guaranteeing it to be what it purports to be, an honest, valid, *bona fide* claim against the county for the amount called for, when in fact it was spurious and fraudulent, and the county was liable for no such claim. The whole claim as far as Greenville county was concerned was repudiated and declared to be fraudulent. These defendants by their endorsement guaranteed that the claim was genuine and valid, and warranted it by their endorsement to be genuine and valid, and when it was declared to be invalid and fraudulent, became liable by their endorsement, for the amount of the loss sustained by the plaintiff, by reason of its purchasing what was supposed and purported to be, an honest, valid, *bona fide* claim which

turned out to be an invalid, spurious and void claim. Here plaintiff bought what it supposed was a valid claim, guaranteed by the endorsers thereon to be such, paid out $404 for it, acting in good faith and paying full value. It turns out that the claim was spurious and fraudulent, in fact no claim at all. The plaintiff had paid out as it were good money for a "Gold Brick." It does not make any difference whether the defendant knew the claim was fraudulent or not. When defendant offered it for sale as a good claim and endorsed it, she guaranteed it to be what it purported to be, an honest, valid, *bona fide* claim and made herself liable for any breach in the warranty contained in the endorsement for the amount of loss sustained by plaintiff. In *Strange* v. *Ellison,* 2 Bailey's Law 385, quoted with approval by Chief Justice Pope in *Hall* v. *Latimer,* 81 S. C. 97, 61 S. E. 1057, the Court held: "Every one who vends an article impliedly undertakes that it is what its appearance indicates, and that it is not disguised so as to make it what it is not. This principle applies to all sorts of commodities in whatever form they may exist." We find the same learned and lamented Chief Justice in the same case quoting with approval from 13 Enc. 1240, as follows: "It is a general rule that one making a sale or transfer of a *chose in action* warrants its genuineness, and this is so whether he warrants it in terms or is silent at the time when the sale or transfer is made." Also he quotes from *Watson* v. *Cheshire,* 87 Amer. Decisions 352, "that a party who transfers a paper without recourse is held still to guarantee the validity of the paper."

The exceptions are overruled.

Judgment affirmed.