9654

WAIT v. WILLIAMS.

(91 S. E. 969.)

1. PLEADING—MOTION TO STRIKE—IMMATERIAL AVERMENTS—ANSWER.— In an action on a written contract reciting that plaintiff had sold and conveyed to defendant a tract of land, the consideration being various sums and lands in exchange, together with the satisfaction and payment of a note and chattel mortgage executed to plaintiff by another, on which there was due considerably more than $1,000, but that it was inconvenient to pay the same, and, therefore, defendant agreed to pay plaintiff $1,000 in full satisfaction of the note and

mortgage, or if defendant preferred the same should be assigned to him, averments in the answer as to what defendant said the mortgagor told him, together with the mortgagor's denial of the claim, *held* properly stricken; such allegations raising no issuable fact, and there being no averment that defendant believed them.

2. CONTRACTS — ACTION—ANSWER—FAILURE OF CONSIDERATION.—In such case, the answer after the striking out of allegations as to statements of the mortgagor *held* sufficient to show a failure of consideration.

3. CONTRACTS—CONSTRUCTION.—Such contract was not merely a guaranty of the payment of the note and mortgage, but was an express agreement to pay the sum named.

4. ASSIGNMENTS — ASSIGNMENT WITHOUT RECOURSE — OBLIGATION OF INDORSER.—An assignment of a chose in action, without recourse, as a mortgage and note, relieves the assignor of the general liability of an indorser, but in the absence of further limitation he is liable on the implied warranties of a vendor that the note and mortgage are valid and subsisting legal obligations, and that the property described in the mortgage is subject to levy.

5. CONTRACTS—ACTIONS—DIRECTED VERDICT.—In an action on a contract, where defendant set up failure of consideration, and there was evidence to support his plea, verdict should not be directed for plaintiff.

Before MAULDIN, J., Greenville, June, 1916. Reversed.

Action by W. L. Wait against J. Hudson Williams. From a judgment for plaintiff, defendant appeals.

*Mr. James H. Price,* for appellant, cites: As to plea of failure of consideration: 9 Cyc. 739.

*Messrs. Wait & McInnis* and *J. J. McSwain,* for respondent.

March 26, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

FOOTNOTE.—As to implied warranty on transfer of third person's note without endorsement, see notes in 10 L. R. A. (N. S.) 542 to 548. Implied warranty arising out of assignment of chose in action "without recourse," see notes in 22 A. & E. Ann. Cas. 1912a, 925.

3—107.

This action was brought on a written contract, dated February 25, 1915, in which it is recited that plaintiff had sold and conveyed to defendant a tract of land, the consideration being various sums and lands in exchange, "together with the satisfaction and payment of a note and chattel mortgage executed to said Wait by L. P. Hendrix, on which said note there is considerably more than $1,000.00 due," but that it was inconvenient then to pay the same; and therefore, in consideration of the premises and the extension of time for payment, defendant agreed to pay plaintiff $1,000.00 on November 1, 1915, which was to be in full satisfaction of the note and mortgage, or, if defendant preferred, the same were to be assigned to him by plaintiff, without recourse.

The first paragraph of defendant's answer was a general denial, except as thereinafter admitted; and the remaining paragraphs were as follows:

"(2) That defendant admits the execution of the contract specified in the complaint, but alleges (as will be shown by said contract) that it was in simple words merely to guarantee to plaintiff the payment of a note and mortgage due plaintiff by L. P. Hendrix. That defendant was informed and believed by plaintiff or his agents that the said note and mortgage was perfectly good, and that there were no defenses to the same. That defendant has himself called upon L. P. Hendrix for the payment of the said note and mortgage, *and alleges that the said L. P. Hendrix claims that the same is unjust, and that he is not due plaintiff anything like $1,000.00. Defendant alleges that the said L. P. Hendrix is an ignorant man, and plaintiff is a minister of the gospel, and that the said L. P. Hendrix declares that the said plaintiff induced the said L. P. Hendrix to sign the said note and mortgage under misrepresentations, and was charging him for a lot of fertilizers which plaintiff of his own accord shipped to Greenville to sell two or three years ago. That the said L. P. Hendrix denies the said note and mortgage, and sets up the defense of failure of consideration against*

*the same. That defendant has served notice upon the said L. P. Hendrix to appear and defend the complaint in this case.*

"(3) *That by reason of the defense entered by the said L. P. Hendrix against the said note and mortgage, which defendant believed to be absolutely good from statements made to him when the trade referred to was made,* defendant alleges that there has been a failure of consideration for the contract set forth in the complaint."

On plaintiff's motion, the Court struck from the answer the parts italicized. Plaintiff proved tender of the note and mortgage assigned to defendant, without recourse, and defendant's refusal of payment. Defendant testified that some of the property described in the mortgage is not in existence, some of the stock having died, but did not say whether it died before or after he signed the contract with plaintiff. L. P. Hendrix, the mortgagor, testified "that he did not consider that he owed anything on the note and mortgage," and that "he would fight the note and mortgage in Court." The Court excluded the details of his transactions with plaintiff, to which no exception was taken. There was other testimony, which is not relevant to the points decided. Defendant appeals from judgment on verdict directed for plaintiff, and raises the issues herein considered.

There was no error in striking from the answer the matter italicized. It states no defense or issuable fact. It states only what defendant says Hendrix told him, or what he says Hendrix claims with regard to the note and mortgage and his liability thereon. Defendant does not allege, even on information and belief, that what Hendrix told him, or what Hendrix claims, is true.

But there was enough left in the answer to admit evidence of the failure of consideration of the contract sued on, which

could have been shown by proving the want or failure of consideration of the note and mortgage prior to the date of the contract sued on, or the existence at that time, of defenses to the note and mortgage which would have defeated in whole or in part the recovery of a judgment for what was called for on the face of those papers.

The contention of defendant that the contract is only a guaranty of the payment of the note and mortgage is too untenable to require discussion. In language too plain to admit of doubt, defendant agreed to pay plaintiff $1,000.00 for an assignment of the papers without recourse.

An assignment of a chose in action, without recourse, relieves the assignor of the general liability of an endorser; but, in the absence of any further limitation of his liability, he is liable upon the implied warranties of a vendor, who impliedly warrants that the thing sold is what it purports to be—in this instance, that the note and mortgage were valid subsisting legal obligations for the amount called for by the note, and the property described in the mortgage. *Strange* v. *Ellison* 18 S. C. L. (2 Bail. 385) ; *Hall* v. *Latimer,* 81 S. C. 90, 61 S. E. 1057 ; *Bank* v. *Speegle,* 91 S. C. 13, 74 S. E. 40. But there is no implied warranty of the solvency of the mortgagor, or of the value of the property described in the mortgage. The law is stated in 2 R. C. L., at page 627 :

"Even where the words 'without recourse' are added in an assignment of a chose in action, there still remains an implied warranty that the right transferred is what it purports to be, namely, that it is a valid and genuine obligation of the parties, based on adequate and sufficient consideration, and that the amount of money it calls for was owing and unpaid at the time of the assignment."

The authorities cited in the note fully sustain the text. See especially the case of *Trustees* v. *Siers,* 68 W. Va. 125,

69 S. E. 468, Ann. Cas. 1912a, 924, and the authorities cited in the principal case, and the note reviewing the authorities.

There is no exception to the exclusion of the testimony of Hendrix with regard to his transactions with the plaintiff, which might or might not have shown the want or failure of consideration of the note and mortgage; therefore, the judgment cannot be assailed on that ground; but there was enough in his testimony and in that of defendant to warrant a reasonable inference that, at the date of the contract sued on, the amount called for on the face of the note and mortgage was not due and owing by the mortgagor; and that some of the property described in the mortgage was not then in existence. True, the testimony upon these points is very vague and indefinite, and therefore unsatisfactory and inconclusive, and we do not intimate any opinion as to whether the inferences suggested should or should not have been drawn from it, but, as it was susceptible of those inferences, the Court erred in directing the verdict.

Judgment reversed.