## 9861 ·

### ROBINSON *ET AL.* v. McMASTER *ET AL.*

#### (94 S. E. 879.)

1. MORTGAGES—FORECLOSURE—PARTIES—JOINDER.—As under Code Civ. Proc. 1912, sec. 167, subsequent mortgagees or lienors were proper parties to an action to foreclose a prior mortgage, a complaint stating a cause of action against the mortgagor for foreclosure and against such subsequent incumbrances for impairing the security 'by cutting trees, etc., was not subject to demurrer for misjoinder of causes of action, where plaintiffs' mortgage was properly on record, Courts not favoring a multiplicity of suits for actions arising out of the same transaction or transactions connected with the same subject of action, where all parties to the action are affected and directly interested.

2. APPEAL AND ERROR—PARTIES ENTITLED TO ALLEGED ERROR.—One who could not be injured by a misjoinder of causes of action cannot be heard to complain thereof.

Before DEVORE, J., Richland, Spring term, 1917. Affirmed.

Appeal from order overruling demurrer to complaint upon the improper joinder of causes of action.

*Messrs. B. P. McMaster* and *D. C. Ray,* for appellant, cite: 85 S. C. 79; Code of Civil Procedure 218; 13 S. C. 317.

*Mr. D. W. Robinson,* for respondents, cites: 64 S. C. 578-9; 59 S. C. 25; 84 S. C. 267; 48 S. C. 78-80; Pom. Code Rem., sec. 245; 104 S. C. 440; 52 S. C. 192; 22 S. C. 584-5; 10 S. C. 52; 103 S. C. 65.

January 21, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge DeVore, overruling the demurrer interposed by the defendants-appellants to the complaint of the plaintiffs-respondents. The grounds of demurrer were that the complaint contained two or more

causes of action improperly joined. The action was for a foreclosure of a mortgage given by the defendant, McMaster, to the plaintiffs for purchase price of real estate

The plaintiffs in their complaint state three causes of action:

(1) The first being a regular cause of action for foreclosure of mortgage given by said defendant, McMaster, making parties certain defendants who held subsequent and junior mortgages or liens on the property. (2) The second cause of action, after setting forth the mortgage referred to in the first cause of action, and its maturity and failure to pay it, and failure to pay taxes against the property, sets forth that the defendant, J. C. Burton, after the making and execution of the mortgage, and without the knowledge and consent of the plaintiffs, has cut and removed a considerable amount of valuable timber, which "has injured and impaired the value of the security held by the plaintiffs." (3) The third cause of action, after repeating the allegations as to the mortgage, its maturity and failure to pay taxes, sets forth that the defendant, S. B. McMaster, since the making and execution of the mortgage, and without the consent of the plaintiffs, has removed from the mortgaged premises a water wheel of considerable value, "which has impaired to a considerable extent the value of the security held by the plaintiffs." The demurrer was filed by the defendant, B. P. McMaster, alone. Bruton and S. B. McMaster did not join in the demurrer, but each filed and served answers which are still in the cause. The exceptions are two in number, and present the question as to whether or not there was a misjoinder of parties and causes of action, in joining the maker of the mortgage and its foreclosure those who had impaired the mortgage security, and causes of action for such impairment.

The action was for the foreclosure of mortgage, and, under the allegations of the complaint, both Bruton and S. B. McMaster were necessary and proper parties to a com-

plete determination and settlement of questions properly involved. Code, sec. 167.

The Courts do not favor a multiplicity of suits for actions that arise out of the same transaction or transactions connected with the same subject of action, and where all parties to the action are affected. All of the defendants are directly interested in the foreclosure action proper and in the result of it and are affected by it. If the security, which is the property mortgaged by McMaster, brings enough to pay the mortgaged debt, then there will be no resort to the defendants, Bruton and S. B. McMaster, for their alleged impairment of the security according to the allegation of the complaint. Bruton and S. B. McMaster impaired the security by cutting and removing trees and a water wheel, a fixture on the property, with a valid mortgage over it, duly recorded in proper office in favor of plaintiffs. In no view of the case can B. P. McMaster be heard to complain that there is a misjoinder because he cannot be injured thereby. McMaster alone demurred. Bruton and S. B. McMaster answered, and have not withdrawn their answer. All the issues now made and other issues to be made hereafter could have been settled in one appeal had the parties waited until a final judgment in the cause and no one prejudiced.

The complaint states a good cause of action against all of the defendants, and is not subject to demurrer for misjoinder, the cause of action being against McMaster for foreclosure of mortgage, and against Bruton and S. B. McMaster for impairing the security by cutting and removing from the mortgaged premises trees and a water wheel, the mortgage in favor of the plaintiffs being properly on record. *Capell v. Shuler et al.,* 105 S. C. 75, 89 S. E. 813.

The exceptions are without merit, and are overruled.

Judgment affirmed.

MESSRS. JUSTICES HYDRICK, FRASER and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit in this case.