## 11825

## BOUKNIGHT v. MITCHELL

### (129 S. E., 134)

1. CHATTEL MORTGAGES—MISREPRESENTATIONS AVAILABLE TO ESTABLISH FAILURE OF CONSIDERATION WITHOUT PROOF OF FRAUD.—In action by assignor of chattel mortgage against assignee on notes given for assignment, defense of failure of consideration could be predicated on assignor's misrepresentations that there were no prior mortgages without showing of fraud on the part of the assignor.

2. ASSIGNMENTS—ASSIGNOR WITHOUT RECOURSE CHARGED WITH IMPLIED WARRANTY THAT CHOSE IN ACTION IS WHAT IT PURPORTS TO BE.— An assignor "without recourse" is charged with an implied warranty that the chose in action assigned is what it purports to be.

3. CHATTEL MORTGAGES—ASSIGNEE HELD ENTITLED TO CREDIT FOR DIMINUTION IN VALUE OF SECURITY, BECAUSE OF MISREPRESENTATION IN MORTGAGE THAT IT WAS FIRST LIEN ON PROPERTY.—Where chattel mortgage purported on its face to be a first lien upon the property, assignee, to whom it was assigned "without recourse," was entitled to credit on notes given for assignment to extent of diminution in value of security caused by prior liens.

4. CHATTEL MORTGAGES—ASSIGNEE NOT RELIEVED OF LIABILITY ON NOTES BECAUSE OF PRIOR MORTGAGE ON PART OF PROPERTY, WHERE OTHER PROPERTY EQUAL IN VALUE TO BALANCE DUE.—The assignee of chattel mortgage is not relieved of liability on notes given to assignor because of existence of prior mortgages on part of property, existence of which was not disclosed to him if property remaining is as great in value as balance due on mortgage.

Before RICE, J., Lexington, March, 1924.    Reversed and remanded.

Action by L. S. Bouknight against L. M. Mitchell.    Judgment for plaintiff, and defendant appeals.

*Messrs. Callison & Barr* and *Hendersons & Salley,* for appellant, cite:    *Qualified endorsement:*    Civ. Code, 1922, Secs. 3689 and 3716; 81 S. C., 96; Ann. Cas., 1912-A, 923; 134 A. S. R., 997; 32 Neb., 773; 49 N. W., 754; 28 Fed., 164; 39 Ia., 404.    *Note secured by mortgage negotiable:* 107 A. S. R., 1003; 31 A. L. R., 727.    *Endorsement after maturity:*    4 A. L. R., 762.    *Assignment without recourse:* 18 Ia., 202; 87 Am. Dec., 382; 32 Neb., 773; 49 N. W., 754; 41 Ore., 412; 69 P., 51; 93 A. S. R., 743; Ann. Cas., 1912-A, 923; 2 R. C. L., 627; 107 S. C., 36; 81 S. C., 90; 61 S. E., 1057; 91 S. C., 13; 74 S. E., 40; 18 S. C. L., 385. *Notes payable to bearer transferred by delivery:*    75 Am. Dec., 406; 7 Cyc., 835; Ann. Cas., 1912-A, 923.    *Effect of fraud on assignments:*    91 S. C., 16; 81 S. C., 96; 74 S. C., 184; 3 Am. Dec., 762; 163 U. S., 412.

*Mr. E. L. Asbill,* for respondent, cites:    *Necessity for requests to charge:*    95 S. C., 441; 90 S. C., 323; 76 S. C., 207; 70 S. C., 148.    *Misstatements by the Court:*    68 S. C., 37.    *Waiver of warranty:*    74 S. C., 576.

September 3, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action upon two promissory notes, aggregating $191.18, executed by the defendant to the plaintiff under the following circumstances:    Mr. Bouknight had upon his premises, during the year 1920, a colored tenant by the name of Capers Hall.    Towards the close of the year, Hall decided to leave Mr. Bouknight's place and applied to Dr. Mitchell, opening negotiations with him looking to farming a part of his land during the year 1921.    Hall had a horse,

a mule, a cow, the seed of 7 bales of cotton, 30 or 40 bushels of corn, 300 bundles of fodder, a wagon and a buggy, all of which were covered by a chattel mortgage to Mr. Bouknight past due upon which there was an unpaid balance of $191.18. Negotiations then opened between Mr. Bouknight and Dr. Mitchell looking to either a foreclosure by Mr. Bouknight of his mortgage against Hall, or a purchase by Dr. Mitchell of the paper which Mr. Bouknight held against Hall. Naturally it was to the interest of Dr. Mitchell, if the mortgaged chattels were worth the amount of the balance due upon the mortgage, to take up the mortgage and allow his expected tenant the use of them in his farming operations; otherwise, as they were needed in such operations, Dr. Mitchell would have been obliged to furnish them himself or seek another tenant.

It was accordingly agreed between them that Dr. Mitchell would take up the mortgage, and in carrying out that agreement Dr. Mitchell executed the notes sued upon and Mr. Bouknight assigned the note and mortgage against Hall to Dr. Mitchell, "without recourse." Hall severed his relations with Mr. Bouknight and moved upon Dr. Mitchell's place, taking with him all of the mortgaged chattels, and made use of them in his farming operations that year. It transpired, however, that there were mortgages upon both the horse and mule, prior to the mortgage which had been assigned to Dr. Mitchell, and during the fall of 1921 these mortgage were foreclosed; the horse and the mule were seized and sold, and no part of the proceeds paid to Dr. Mitchell. Dr. Mitchell's defense to the notes was that Mr. Bouknight had misrepresented the condition of Hall's title to the horse and mule; that there were prior mortgages upon both, and that they were taken away from Hall under them; that the security had failed by reason of the misrepresentation, and that there was a failure of the consideration of the notes.

The Circuit Judge charged the jury that Dr. Mitchell was not entitled to rely upon this defense, unless he showed

fraud upon the part of Mr. Bouknight. The jury found for the plaintiff the full amount of the notes and the defendant has appealed.

We think the Circuit Judge was in error in imposing the burden upon Dr. Mitchell of establishing fraud on the part of Mr. Bouknight before he could get the benefit of the alleged misrepresentation. A material misrepresentation may be as harmful in its effects, where made in all innocence, as one made knowingly and with intent to defraud. *Hall v. Latimer,* 81 S. C., 96; 61 S. E., 1057. *Bank v. Speegle,* 91 S. C., 16; 74 S. E., 40. *Boyd v. Anderson,* 1 Overt. (Tenn.), 438; 3 Am. Dec., 762. *Meyer v. Richards,* 163 U. S., 412; 16 S. Ct., 1148; 41 L. Ed., 199.

Aside from the issue of an alleged misrepresentation, orally made by Mr. Bouknight at the time of the transfer, it appears that the mortgage which he assigned to Dr. Mitchell contained a representation to the effect that the mortgagor was the sole owner of the mortgaged property, and that there was at the time of its execution no subsisting mortgage upon it. It appears that this statement was untrue, and that there were two mortgages existing at that time, under which the horse and the mule were subsequently seized and sold.

The assignment of Mr. Bouknight "without recourse" does not protect him against a defect of this character. An assignor "without recourse" is charged with an implied warranty that the chose in action assigned is what it purports to be. *Wait v. Williams,* 107 S. C., 36; 91 S. E., 969. The chattel mortgage upon its face purported to be a first lien upon the property. As a conceded fact it was junior to at least two mortgages. Dr. Mitchell was, therefore, upon establishing the alleged misrepresentation, entitled to a credit, by way of reduction, upon the amounts due upon the notes, to the extent of the diminution in the value of his security caused by the mis-

representation referred to.   See a kindred illustration in
*Bank v. Lummus Gin Co.* (S. C.), 128 S. E., 876.

It is possible that he may not have been damaged at
all.   If the value of the mortgaged chattels outside
of the horse and mule was, at the time of the assign-
ment, as great as the balance due upon the mortgage, and
Dr. Mitchell for his own benefit chose to allow the mortga-
gor to use or consume such property in the farming opera-
tions of 1921, he has no right to be relieved of his notes.
It seems clear that if Dr. Mitchell on January 1, 1921,
could have collected his debt out of the chattels, exclusive
of the horse and mule, he cannot charge Mr. Bouknight with
the consequences of a course of conduct adopted for his own
convenience or profit.   The account between them should
be adjusted in the event that the alleged misrepresentation
be established by allowing Dr. Mitchell, as a credit upon his
notes, the difference between the amount due upon the mort-
gage as of January 1, 1921, and the value as of that date of
the mortgaged chattels outside of the horse and mule, which
he allowed Hall to use and consume in the farming opera-
tions of 1921, charging Dr. Mitchell also with the rental
value of the horse and mule from January 1, 1921, to the
dates of their seizures respectively.   If he failed to require
Hall, in his settlement with him, to account for these items,
it is his misfortune.

The judgment of this Court is that the judgment of the
Circuit Court be reversed, and that the case be remanded to
that Court for a new trial.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS
and MARION and MR. ACTING ASSOCIATE JUSTICE R. O.
PURDY concur.