12538

PEOPLES BANK OF HARTSVILLE v. BRYANT ET AL.

(145 E. E., 692)

*Messrs. Spears & Want,* for appellants,

*Messrs. Miller, Lawson & Stokes,* for respondent,

December 4, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The complaint of the plaintiff respondent contains two causes of action. The first of these alleges the execution of a bond, or written obligation, on October 18, 1924, by the defendant W. D. Bryant, to his codefendant Nora K. Bryant, conditioned for the payment of $3,350, with interest

thereon and attorney's fees in case of collection by an attorney; the execution on the same date by W. D. Bryant to Nora K. Bryant, as security for the indebtedness referred to, a real estate mortgage on two tracts of land, both conveyed to Bryant by P. P. Chambers, but at different times; a covenant on the part of the mortgagor transferring to the mortgagee, or her assigns, all rents, issues, and profits of the mortgaged premises accruing after the commencement of an action to foreclose the mortgage; the assignment, for valuable consideration, on November 25, 1924, of the bond and mortgage described by Nora K. Bryant to the plaintiff; the priority to plaintiff's mortgage of a mortgage held by the defendant the Federal Land Bank of Columbia; the having, or claim to have, of some interest in the mortgaged premises by W. D. Coggeshall Company, F. S. Royster Guano Company, and Bank of Darlington, also defendants, all these claims, however, being junior to plaintiff's claim; the nonpayment of the mortgage debt due the plaintiff, and other necessary allegations appropriate to the foreclosure of a real estate mortgage, and for the appointment of a receiver of the rents and profits of the mortgaged premises.

The second cause of action alleges the execution by the defendant W. D. Bryant, on May 11, 1926, of his promissory note to the plaintiff for $291.10; the securing of the payment of the said note on the part of W. D. Bryant by an assignment of certain shares of stock in the Pee Dee National Farm Loan Association, and by a mortgage of crops grown in the year 1926 on the P. P. Chambers place; the execution by W. D. Bryant of a crop mortgage affecting the same lands to the Bank of Darlington, which mortgage was prior to plaintiff's mortgage; that the indebtedness referred to in this cause of action is the same mentioned in the first cause of action; and the nonpayment of the note sued on.

The plaintiff demanded judgment against W. D. Bryant and Nora K. Bryant for the amount of the mortgage debt

sued on in the first cause of action, and for judgment against W. D. Bryant alone for the amount of the debt sued on in the second cause of action; for the appointment of a receiver of the crops grown on the mortgaged premises; for the adjudication of any and all claims of all the parties to the action; for the foreclosure of the mortgages and sale of the mortgaged premises; that the shares of stock be disposed of according to law; that the defendants be barred and foreclosed of all interest and equity of redemption in the mortgaged premises; and for all other proper relief.

It does not appear in the record what pleadings were filed by any of the defendants except W. D. Bryant and Nora K. Bryant. These two interposed a demurrer, the grounds of which will be referred to later.

The plaintiff moved for an order requiring the defendants to appear for an examination as witnesses, for an order of reference, and for the appointment of a receiver, or the sequestration of the rents.

All the motions of the plaintiff and the demurrer came on to be heard before his Honor, Circuit Judge E. C. Dennis, on September 8, 1927, and testimony was taken. At this hearing, plaintiff withdrew its motion for the examination of the defendants before trial and for the order of reference.

Judge Dennis refused the motion for the appointment of a receiver or the sequestration of the rents. The demurrer was sustained to the extent that the complaint prayed relief against the defendant Nora K. Bryant; but it was held that Nora K. Bryant was nevertheless a proper party defendant, and that she should be continued in the cause in that capacity, so as to bind her to any final decree that might be rendered in the cause with respect to the subject-matter of the action. The demurring defendants were permitted 15 days within which to file answer.

The appeal here is by W. D. Bryant and Nora K. Bryant from the order of the Circuit Judge. Their first exception was withdrawn.

The second exception charges error in overruling in part the demurrer to the second cause of action, and thereby retaining Nora K. Bryant as a party defendant, and subjecting her to the necessity of defending the action, when it should have been held that, since it appears from the allegations of the second cause of action that Nora K. Bryant had no interest in, or connection with, the litigation, and is not liable to the plaintiff on the cause of action set up by it, she was improperly joined as a party defendant.

The third exception imputes error to the Circuit Judge because he overruled the demurrer to the second cause of action that challenged the sufficiency of the complaint, on the ground that the second cause of action joins the defendant W. D. Bryant with the defendants Nora K. Bryant, the Federal Land Bank of Columbia, W. D. Coggeshall Company, F. S. Royster Guano Company, and Bank of Darlington, whereas it should have been held that the defendant W. D. Bryant was entitled to defend the action set out in the second cause of action without the joinder of the other defendants named, none of whom have any interest in, or connection with, the said second cause of action.

The fourth exception complains of error in overruling the demurrer as to the whole complaint, in that the complaint joins causes of action which cannot be properly joined under the statutes, and it is alleged that the Court should have held that the defendant, W. D. Bryant, cannot be required, against his objection, to defend in the same suit the two causes of action set up in the complaint.

The appellants argue their second and third exceptions together. We think all the exceptions may be disposed of together.

Construing the complaint favorably to the plaintiff, which we are required to do, in considering the demurrer, and taking into consideration the allegation in the second cause of action that the indebtedness there sued

on relates to the mortgage indebtedness sued on in the first cause of action, we assume, although it is not distinctly alleged, that the promissory note executed by the defendant W. D. Bryant, the payment of which was secured by the Farm Loan stock and the crop mortgage, was either for interest due on the real estate mortgage debt, or for moneys advanced by plaintiff to assist Bryant in raising crops on the mortgaged premises. If the first assumption is correct, certainly it was proper for the real estate mortgage and the promissory note both to be sued on in the same complaint, as the plaintiff held two securities for at least a part of the debt alleged to be owing to it, and, if the crops growing on the mortgaged premises and the Farm Loan stock were securities for the payment of any part of the plaintiff's mortgage debt, it was also proper for the action on both the real estate mortgage and the other securities to be joined in one suit.

It is to be remembered that the action brought by plaintiff was one in equity, and it sought not only a sale of real estate, but the sale of crops and shares of stock in a corporation, all of which were alleged by plaintiff to be securities to it for indebtedness owing by the defendant W. D. Bryant to the plaintiff, and it was also alleged that the transactions set out in the two causes of action were connected with each other.

Section 361, Vol. 1, of the Code of Civil Procedure, has been liberally construed for the purpose of bringing before the Court all parties who may be necessary to a complete determination or settlement of all questions involved in the action. This is particularly true when the action relates to the foreclosure of a real estate mortgage. The title to property, real or personal, sold under the order of the Court of equity, should be clear and free, for the purpose of not only giving the purchaser at such sale good title, but for the further purpose of making the property bring its real worth at the sale. It is always better,

therefore, for the Court to have before it in any action where the sale of property is sought, any and all persons who have, or may claim to have, any interest in the property.

In the case at bar, the defendants, other than W. D. ■ Bryant and Nora K. Bryant, may have an interest, not only in the real estate sought to be sold, but they may have some interest in the crops and the shares of stock. The proceeds from the sale of the crops and from the shares of stock applied to the payment of the note sued on in the second cause of action might tend to reduce plaintiff's indebtedness alleged in the first cause of action. It is to be noted, too, that the defendants, other than W. D. Bryant and Nora K. Bryant, do not complain of the order of the Circuit Judge. Since they have made no complaint, we do not see how the appellants here can complain that these parties were retained as parties defendant by the order of the trial Judge. *Robinson v. McMaster,* 108 S. C., 384, 94 S. E., 879.

While no affirmative relief can be obtained against ■ Nora K. Bryant by the order of Judge Dennis, it may have been proper for her to be retained as a party defendant. She was the owner originally of the bond and the real estate mortgage which secured the payment of that bond. The plaintiff not only asked for judgment against her for the amount due on those papers, but in addition the allegations of the complaint negatived any claim Nora K. Bryant had, or might allege to have, as to any interest in the bond and mortgage, and evidently it was plaintiff's purpose to bind her to a decree of the Court holding plaintiff to be the absolute owner of these papers.

It is difficult sometimes for a Court to tell in advance ■■ whether or not parties named as defendants in a suit to sell property should have really been brought into the Court. When there is a doubt on the question of the property of bringing a party in, it is best to bring him in in order to prevent future litigation, which litigation may be disposed of in the first action. The bringing in or the re-

taining of parties in suits in equity is left very much to the discretion of the trial Judge. *Murray Drug Co. v. Harris,* 77 S. C., 410, 57 S. E., 1109.

We do not think the demurrer as to the whole complaint should have been sustained because of misjoinder of causes of action. The distinct allegation made by the plaintiff that the promissory note executed by W. D. Bryant sued on in the second cause of action was connected with the bond and mortgage transaction sued on in the first cause of action was sufficient to sustain the holding of the Circuit Judge.

The appellants in their argument argue that the procedure in this cause will tend to bring confusion, as there may be some issues for jury trial and other issues exclusively triable in equity. It has been held that both legal and equitable issues can be disposed of in one action; the legal to be submitted to a jury, and the equitable to be tried by the Court. *Mitchell v. Hamilton,* 98 S. C., 289, 82 S. E., 425; *Fidelity Fire Insurance Co. v. Windham,* 134 S. C., 373, 133 S. E., 35.

In our opinion, the order of the Circuit Judge was not improper under the circumstances of this case, and the judgment of the Court is that the said order be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.