17256

CAROLINA HOUSING AND MORTGAGE CORPORATION, Respondent, v. ORANGE HILL A. M. E. CHURCH, Sidney Butler, Samuel Gooden and James Glasser, d/b/a Aluminum Products Company, of which James W. Glasser, d/b/a Aluminum Products Company is, Appellant.

(97 S. E. (2d) 28)

*Messrs. Clinch Heyward Belser* and *Belser & Belser,* of Columbia, *for Appellant,*

*Messrs. G. Werber Bryan* and *Robert O. Purdy,* of Sumter, *for Respondent,* and *Schwartz & Schwartz* and *E. A. Parker,* of Sumter, *for Orange Hill A. M. E. Church,* █

*Messrs. Clinch Heyward Belser* and *Belser & Belser,* of Columbia, *for Appellant,*

February 4, 1957.

Moss, Justice.

The original complaint of the respondent alleges that on April 8, 1953, Orange Hill A. M. E. Church, by Sidney Butler and Samuel Gooden, Trustees, and as individuals, executed and delivered to J. W. Glasser, doing business as Aluminum Products Company, a promissory note in the sum of $2,338.92, payable in stated monthly installments. It is further alleged that in order to secure the payment of said note so executed and delivered, that Orange Hill A. M. E. Church executed and delivered a real estate mortgage creating a lien upon the church property. It is further alleged that the said note and mortgage were executed pursuant to a congregational resolution, dated March 19, 1953, as certified by Clara Bracey, Secretary of the congregation. It is then alleged that on April 8, 1953, that the said note and mortgage were for value duly assigned to Carolina Housing and Mortgage Corporation, the respondent herein.

The respondent commenced this action in the lower court, as plaintiff, for the purpose of foreclosing the mortgage against the church. The church answered the complaint, denying that the mortgage was made, executed or delivered by the church and that such note and mortgage are invalid for the reason that the said Sidney Butler and Samuel Gooden, were not trustees of the said church at the time alleged in the complaint and were without authority to execute a note or to encumber the real property of the church. It was also alleged that if Clara Bracey, as secretary of the congregation, certified a congregational resolution of authority to execute the note and mortgage, such certificate was done without the authority of the church, and that she has never been secretary of the said church. The prayer of the answer of the church was that the complaint be dismissed and the court issue its decree directing the Clerk of Court of Sumter County to cancel of record the aforesaid mortgage alleged to have been unlawfully executed and entered upon real estate records of said County.

Upon the service of the aforesaid answer by the church, the respondent after notice to the church, moved in the court below for leave to amend its complaint so as to join James W. Glasser, doing business as Aluminum Products Company, as a party defendant. The motion was based upon the pleadings, including a petition which recited the assignment of the note and mortgage by James W. Glasser, doing business as Aluminum Products Company, to the respondent herein, for full and valuable consideration, and that it is proper, in view of the allegations of the church's answer, that James W. Glasser, doing business as aforesaid, be joined as a party defendant, and that an amended complaint be served so that a complete determination may be had in this one action of the issues made by the pleadings. A proposed amended complaint was attached to the motion, and for the purpose of this appeal, we consider allegation 12 thereof, which alleges that the church denies the validity of the note and mortgage and "avers that the same was procured by fraud and/or forgery and, therefore, in order to have a complete determination of the matter, the defendant, James W. Glasser, is joined as a defendant because, as plaintiff is informed and believes, it is from James W. Glasser the plaintiff secured the mortgage as hereinabove alleged, and it is plaintiff's belief that should a fraud or forgery be proven against the defendant James W. Glasser in connection with the execution and/or delivery of the said mortgage, then James W. Glasser would be responsible to the plaintiff for the amount of funds advanced to him upon the purchase of the mortgage by the plaintiff, with interest at the legal rate." The prayer of the amended complaint is for foreclosure, and in the alternative, if appropriate, that the respondent have judgment as the equities may indicate against the defendant James W. Glasser for the funds expended by it for the purchase of the note and mortgage, together with the costs and exepnses of this action and interest.

The lower court, over the objection of the church, granted the motion joining James W. Glasser, as aforesaid, as a party defendant to the action.

After the order of the lower court was granted, directing that the appellant herein be made a party defendant, and that the complaint of the respondent be amended, James W. Glasser, doing business as aforesaid, demurred to the amended complaint and also moved to amend said complaint by striking out his name as a party defendant, and the allegations of said complaint purporting to assert any liability against him. The demurrer and motions were heard by the lower court and by order such were refused. The appeal to this court is from the rulings of the court below. The question for determination in this court is whether or not there was error in joining the appellant James W. Glasser, doing business as Aluminum Products Company, as a party defendant.

The record in this case does not disclose whether the assignment of the note and mortgage by the appellant to the respondent was a general or a qualified one.

It should be borne in mind that an action for the foreclosure of a real estate mortgage is an equitable one. *Ex Parte Floyd,* 145 S. C. 364, 142 S. E. 805; *People's Bank of Hartsville v. Bryant,* 148 S. C. 133, 145 S. E. 692; *Ayers v. Guess,* 217 S. C. 233, 60 S. E. (2d) 315.

Section 10-203, Code of Laws of South Carolina 1952, provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the questions involved therein. * * * "

Section 10-204, Code of Laws of South Carolina 1952, provides:

"Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants. But if the consent of any one who should have been joined as plaintiff cannot be obtained he may be made a defendant, the reason thereof being stated in the complaint."

Section 10-219, Code of Laws of South Carolina 1952, provides:

"The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. But when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in. * * * "

This court has held under Section 10-203 and Section 10-219, the power to bring in new or additional parties is within the discretion of the trial Judge. *Murray Drug Co. v. Harris,* 77 S. C. 410, 57 S. E. 1109; *Ellen v. King,* 227 S. C. 481, 88 S. E. (2d) 598; *Long Mfg. Co. v. Manning Tractor Co.,* 229 S. C. 301, 92 S. E. (2d) 700. This is also true of actions in equity. *People's Bank of Hartsville v. Bryant, supra.* The discretion referred to in these decisions means a legal discretion and, of course, if there is an abuse of same, this court has the power to review and reverse such decision. *Fidelity Fire Ins. Co. v. Windham,* 134 S. C. 373, 133 S. E. 35.

The respondent, in its brief, states that it has never contended that it could, as a matter of right, require the court to join the appellant, James W. Glasser, as a party to the action. It asserts that it was for the court below, in the exercise of its legal discretion, to determine whether the appellant should be joined as a party defendant. A review of the holding of Judge Eatmon shows he joined James W. Glasser as a party to the action in the exercise of his discretion, and he also states that in joining the appellant as a party "it is quite possible that considerable litigation may be saved by joining all of the parties who may possibly have an interest in the subject matter of the suit."

In the case of *People's Bank of Hartsville v. Bryant, supra,* it was said [148 S. C. 133, S. E. 694]:

"Section 361, vol. 1 [now Section 10-203, of the 1952 Code], of the Code of Civil Procedure, has been liber-

ally construed for the purpose of bringing before the Court all parties who may be necessary to a complete determination or settlement of all questions involved in the action. This is particularly true when the action relates to the foreclosure of a real estate mortgage."

In the case of *First Carolinas Joint Stock Land Bank of Columbia v. McNeil,* 177 S. C. 332, 181 S. E. 21, 25, this Court held:

"The proper practice in this state in actions for the foreclosure of a real estate mortgage is to bring before the court the parties who may be necessary to a complete termination or settlement of all questions involved in the action. The title of the property sold under the order of the court of equity should be clear and free for the purpose of not only giving the purchaser at such sale a good title, but for the further purpose of making the property bring its real worth at the sale. It is best to bring a party into a suit in order to prevent future litigation, which may be disposed of in the first action, and to save a multiplicity of suits. *People's Bank [of Hartsville] v. Bryant,* 148 S. C. 133, 145 S. E. 692; *Robinson v. McMaster,* 108 S. C. 384, 94 S. E. 879."

As is heretofore stated the record is not clear as to whether the assignment of the note and mortgage by the appellant was a general one. Assuming, without deciding, that by the assignment of the note and mortgage, the appellant became liable thereon as an endorser, then it was proper for the court below to join the appellant as a party defendant.

Section 10-206 of the 1952 Code of Laws provides:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may all, or any of them, be included in the same action at the option of the plaintiff."

In the case of *Georgian Co. v. Britton,* 141 S. C. 136, 139 S. E. 217, 218, this Court construed the above section and stated that the present policy of our Courts is, and should

be, against a multiplicity of actions. The action was one where the defendant's liability arose by a guaranty of payment of an account. It was held as follows:

"Moreover, section 363 of the Code of Civil Procedure provides that persons severally liable upon the same obligation or instrument may be joined in one action. We have shown above that the defendants' liability as absolute guarantors had accrued. No effort had to be made to collect the ·debt from the principal before he could have been sued. The plaintiff, at its option, could have sued either, and this being so, and their liability being upon the same instrument, the above section authorized their joinder. In fact, there is no practical distinction in result between the liability of an absolute guarantor and that of a surety. *Rouse v. Wooten,* 140 N. C. 557, 53 S. E. 430, 111 Am. St. Rep. 875, 6 Ann. Cas. 280."

It is suggested in the Brief of the appellant that the note and mortgage in question were assigned to the respondent "without recourse." Such an assignment, however, does not relieve the assignor from his liability upon an implied warranty as a vendor.

This Court, in the case of *Wait v. Williams,* 107 S. C. 32, 91 S. E. 969, 970, announced the following rule:

"An assignment of a chose in action, without recourse, relieves the assignor of the general liability of an indorser; but, in the absence of any further limitation of his liability, he is liable upon the implied warranties of a vendor, who impliedly warrants that the thing sold is what it purports to be in this instance, that the note and mortgage were valid subsisting legal obligations for the amount called for by the note, and the property described in the mortgage. *Strange v Ellison,* 2 Bail. 385 [18 S. C. L. 385] ; *Hall v. [James T.] Latimer [& Son],* 81 S. C. 90, 61 S. E. 1057; *[People's] Bank [of Greenville] v. Speegle,* 91 S. C. 13, 74 S. E. 40. But there is no implied warranty of the solvency of the mortgaror, or of the value of the property described in the mortgage. The law is stated in 2 R. C. L., at page 627:

" 'Even where the words "without recourse" are added in an assignment of a chose in action, there still remains an implied warranty that the right transferred is what it purports to be, namely, that it is a valid and genuine obligation of the parties, based on adequate and sufficient consideration, and that the amount of money it calls for was owing and unpaid at the time of the assignment.'

"The authorities cited in the note fully sustain the text. See especially the case of *Trustees [of Broaddus Institute] v. Siers,* 68 W. Va. 125, 69 S. E. 468, Ann. Cas. 1912A, 924, and the authorities cited in the principal case, and the note reviewing the authorities."

See also in this connection *Bouknight v. Mitchell,* 132 S. C. 40, 129 S. E. 134; *Prince v. Mathews,* 159 S. C. 526, 157 S. E. 836; and 8 Am. Jur., Bills and Notes, paragraphs 538-540.

It is provided in Section 8-896 of the 1952 Code of Laws that:

"Every person negotiating an instrument by delivery or by a qualified endorsement warrants:

"(1) That the instrument is genuine and in all respects what it purports to be;

"(2) That he has a good title to it;

"(3) That all prior parties had capacity to contract; and

"(4) That he has no knowledge of any fact which would impair the validity of the instrument or render it valueless.

"But when the negotiation is by delivery only the warranty extends in favor of no holder other than the immediate transferee.

"The provisions of item (3) of this section do not apply to persons negotiating public or corporate securities other than bills and notes."

It is observed that under the above quoted section of the "Negotiable Instruments Law" that where a person assigns a negotiable instrument by a qualified endorsement, that he warrants that the instrument is genu-

ine and in all respects what it purports to be, and that all prior parties had capacity to contract. For this reason we think the lower Court exercised sound discretion in joining the appellant as a party to the action.

We think that the lower Court properly joined the appellant as a party and by joining him a complete decree can be had between the parties, thereby preventing future litigation and removing the necessity of a multiplicity of suits, and that there may be a final determination of the rights of all the parties interested in the subject matter of the controversy here involved.

All exceptions are overruled and the judgment of the lower Court affirmed.

STUKES, C. J., TAYLOR and OXNER, JJ., and E. H. HENDERSON, Acting Associate Justice, concur.