## 17402

Charles T. SINGLETON, Appellant, v. H. H. SINGLETON, Respondent

(102 S. E. (2d) 747)

*Messrs. Singleton & Singleton,* of Conway, *for Appellant,*

*Messrs. Burroughs & Green* and *J. Reuben Long,* of Conway, *for Respondent,*

March 18, 1958.

Moss, Justice.

Rosa Singleton died intestate and H. H. Singleton, one of her heirs, was appointed administrator of her estate by the Probate Court of Horry County, South Carolina.

This action was instituted by Charles T. Singleton, the appellant herein, against H. H. Singleton, individually and as administrator of said estate, the respondent herein, for the purpose of requiring the respondent to account for all of his acts and doings as administrator of said estate. The complaint alleges that the respondent, both before and after the death of the decedent, had been in possession of property be-

longing to her, and had failed to account for said property. The complaint asks for judgment against the respondent in accordance with the accounting and for the amount shown to be justly due and owing to the appellant.

The respondent, by way of answer, admitted that the appellant and respondent were heirs at law of the deceased, and that he was administrator of said estate, and specifically denied that he had misappropriated or failed to bring into the estate any property belonging to the decedent.

The record shows that in addition to Charles T. Singleton and H. H. Singleton, the parties to this action, that the other heirs at law of Rosa Singleton were J. R. Singleton, A. J. Singleton, Arthur B. Singleton, James G. Singleton, Joe Singleton, Elwood Beverly Singleton, Douglas Singleton, Ernest Singleton and Alton Singleton.

The respondent, by proper motion, moved the Court for an order bringing in as parties to this action the above named heirs at law of the decedent, upon the ground that the above named parties "are necessary to a complete determination or settlement of the questions arising in this cause; that a complete determination of the controversies cannot be had without the presence of these said parties; and that the bringing in of said parties would avoid a multiplicity of actions." The motion was supported by an affidavit of counsel, the record in this cause and the records of this estate in the Probate Court for Horry County, South Carolina.

The trial Judge, over the objection of appellant, granted the motion of the respondent and ordered that the appellant amend his summons and complaint so as to bring in as parties to this action the aforementioned heirs at law of the decedent. It was also ordered that the appellant take such steps "as may be necessary to bring in and make such persons either parties plaintiff or parties defendant to this action."

The appellant is before this Court on exceptions challenging the correctness of the order of the lower Court.

In the case of *Witherspoon v. Stogner,* 182 S. C. 413, 189 S. E. 758, 759, this Court said:

"Each complaint clearly and distinctly alleges the existence of the trust relationship, the necessity for an accounting, seeks and demands such accounting and judgment for such sum of money as is by said accounting shown to be justly due and owing to plaintiff.

"That a fiduciary relationship exists between each heir or beneficiary of an estate and the administratrix thereof is fundamental. It is also fundamental that each such *cestui que* trust has the right to demand by a suit in equity an accounting at the hands of such trustee, as has been done in these actions, and that thereupon it becomes the duty of such defendant trustee to render a full, fair, and impartial accounting with respect to all matters pertaining to said estate."

The appellant charges the trial Judge with an abuse of discretion in ordering that the additional heirs at law of the decedent be joined as parties plaintiff or parties defendant to this action.

Section 10-202, Code of Laws of South Carolina 1952, provides:

"All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs, except as otherwise provided in this title."

Section 10-203, Code of Laws of South Carolina 1952, provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the questions involved therein. * * *"

Section 10-204, Code of Laws of South Carolina 1952, provides:

"Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants. But if the consent of any one who should have been joined as plaintiff cannot be obtained he may be made a defendant, the reason thereof being stated in the complaint."

Section 10-219, Code of Laws of South Carolina 1952, provides:

"The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. But when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in.   *   *   *"

The affidavit of counsel for the respondent, which is not contradicted by any affidavit on the part of the appellant, shows that counsel for the appellant appeared before the Probate Court of Horry County in behalf of six of the heirs at law of Rosa Singleton, and objected to the granting of Letters Dismissory to the respondent on the ground that (a) there had been an improper publication of the Notice of Discharge; and (b) that an action had been brought by Charles T. Singleton and was pending in the Court of Common Pleas, that being the action presently before the Court. It thus appears that at least six of the heirs at law have an interest in the subject of the action and in obtaining the relief demanded by the appellant. They were represented by the same counsel as appears for the appellant and joined with the appellant in opposition to the discharge of respondent as administrator and in demanding an accounting from him. Under these circumstances it is proper that these parties be joined as parties plaintiff with the appellant. This joinder would bring them within the rule set forth in *Black v. Simpson,* 94 S. C. 312, 77 S. E. 1023, 1025, 46 L. R. A., N. S., 137, where it is said:

"It is well settled that several distributes entitled to unequal portions of an estate, after receiving unequal pay-

ments, may unite in an action against an administrator to require him to account for breaches of his trust, and pay over to each his share, though the shares be unequal. *Stallings v. Barrett,* 26 S. C. [474], 478, 2 S. E. 483; *McCorkle v. Williams,* 43 S. C. 66, 20 S. E. 744; *Wagner v. Sanders,* 49 S. C. 192, 27 S. E. 68."

If, however, the consent of these parties to become plaintiffs along with appellant cannot be obtained, then, under Section 10-204 of the Code as above quoted, they can be joined as defendants, the reason therefor being stated in the amended complaint.

In the case of *Murray Drug Co. v. Harris,* 77 S. C. 410, 57 S. E. 1109, 1110, there is quoted from *Mechanics' Bank of Alexandria v. Seton,* 1 Pet. 299, 305, 7 L. Ed. 152, the following:

"The general rule as to parties undoubtedly is that, when a bill is brought for relief all persons materially interested in the subject of the suit ought to be made parties, either as plaintiffs or defendants, in order to prevent a multiplicity of suits, and that there may be a complete and final decree between all the parties interested. But this is a rule established for the convenient administration of justice, and is subject to many exceptions, and is more or less a matter of discretion in the court."

In the recent case of *Carolina Housing & Mortgage Corp. v. Orange Hill A. M. E. Church,* 230 S. C. 498, 97 S. E. (2d) 28, 30, we said:

"This court has held under Section 10-203 and Section 10-219, the power to bring in new or additional parties is within the discretion of the trial Judge. *Murray Drug Co. v. Harris,* 77 S. C. 410, 57 S. E. 1109; *Ellen v. King,* 227 S. C. 481, 88 S. E. (2d) 598; *Long Mfg. Co. v. Manning Tractor Co.,* 229 S. C. 301, 92 S. E. (2d) 700. This is also true of actions in equity. *People's Bank of Hartsville v. Bryant, supra* [148 S. C. 133, 145 S. E. 692]. The discretion referred to in these decisions means a legal discretion

and, of course, if there is an abuse of same, this court has the power to review and reverse such decision. *Fidelity Fire Ins. Co. v. Windham,* 134 S. C. 373, 133 S. E. 35."

The complaint in this action demands an accounting of the administrator of the estate of Rosa Singleton. If all the heirs at law of Rosa Singleton are made parties to this action, then a full accounting can be made and a decree issued determining what amount each heir at law is entitled to as such. Certainly, this procedure cannot in any way prejudice or take away any substantive rights of the appellant. One general accounting can determine the entire action. One decree can fix and determine the rights of all the heirs at law and of the administrator of said estate.

We think the trial Judge, in the exercise of his discretion, properly joined all of the heirs at law of Rosa Singleton as parties to this action, thereby preventing future litigation and removing the necessity of a multiplicity of suits.

The appellant complains that the burden of amending the summons and complaint, and the bringing of all the other parties before the court, should not be placed upon him. He cites no authority sustaining him in this position. Since the trial Judge determined that it was proper for the other heirs at law of Rosa Singleton to be made parties to this action, either as plaintiffs or defendants, it was also proper for him to determine how such should be accomplished. The trial Judge did not commit any abuse of discretion in requiring the appellant to amend his summons and complaint in conformity with his order. The appellant complains that certain of the heirs at law of this estate are nonresidents of South Carolina, and that it would place an undue burden upon him to take the necessary procedure to bring such nonresident parties before the Court. We see no reason why any undue burden would be placed upon the appellant by following the procedure outlined in Section. 10-451 of the 1952 Code of Laws of South Carolina, which permits service on a nonresident in a case when the subject of the action is personal property in this State, and the defendant has an

interest therein. If, however, the heirs at law, who are clients of counsel for the appellant, join the action as parties plaintiffs, this will obviate the necessity of the service of the summons and complaint upon them.

It was stipulated in the transcript of the record in this case that there is an additional action pending in the Court of Common Pleas for Horry County, South Carolina, wherein the appellant is bringing an action against the respondent as administrator of the estate of Annie Singleton, for an accounting. It was agreed that the decision by this Court in the present case would be determinative of the appeal in the case involving the Annie Singleton estate. Let the Opinion here be so applied.

For the reasons stated, all exceptions are overruled and the judgment of the Court below is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.