CASE No. 888.

COLEMAN v. HELLER.

1. Exceptions to the orders and rulings of the judge may be taken at the trial, and if so taken, they need not be served within ten days after the rising of the court, as required by the act of 1878. 16 *Stat.* 698.

2. Where the judge is apprised of the intention to rely on the proposition advanced by way of exception, that is sufficient to constitute an exception, although there is no formal request to note an exception. *Fox* v. *Railroad,* 4 *S. C.* 543, approved.

3. At the trial, the Circuit judge permitted the name of a sole plaintiff to be stricken out and another substituted in his stead, without time given to the defendants to answer such amended complaint. *Held* to be error.

Before MACKEY, J., Williamsburg, March, 1879.

The case is fully stated in the opinion of the court, but it may not be amiss to add that when the Circuit judge ordered the case to the jury, the defendants still declined to answer or defend the new action.

*Messrs. Barron & Lambson,* for appellants.

*Mr. J. A. Kelly,* contra.

May 26th, 1880. The opinion of the court was delivered by McGOWAN, A. J. This was an action by George H. Coleman against Philip Heller and sureties on the bond of the said

Heller as treasurer of Williamsburg county. The breach of the bond, relied on for a recovery, was the refusal of the said Heller, as county treasurer, to pay certain county school certificates, amounting in the aggregate to $165, to the plaintiff, George H. Coleman, who, as alleged in the complaint, was the owner thereof. The defendant denied the breach and pleaded payment of the certificates in a settlement with the said George H. Coleman. At the trial it appeared by the testimony of the plaintiff himself that the school certificates, which were the foundation of the action, did not belong to him but to his wife, S. A. Coleman; whereupon the defendant moved for a non-suit on the ground that the plaintiff had not proved his case. The presiding judge refused the motion, but granted an order, moved by the plaintiff, to substitute on the record as plaintiff the name of S. A. Coleman, the wife, for that of her husband, George H. Coleman. Defendants then moved for reasonable time to prepare their defence to the action of the plaintiff, S. A. Coleman, which was .refused. The presiding judge announced that he would hold that the defandants could set up the same defence against S. A. Coleman which they had proposed to set up against George H. Coleman. The defendant's counsel insisted that they could not make their defence in the new case without an opportunity for preparation, and still asked for time. The judge ordered the case to the jury, and they rendered a verdict for the plaintiff. The defendants moved for a new trial, and, failing in that, within ten days after the adjournment of court, gave notice of appeal, and within thirty days filed specific grounds for a new trial as follows :

1. " Because it is respectfully submitted that his Honor erred in refusing to grant the motion f(r a new trial.

2. " Because his Honor erred in ordering S. A. Coleman to be substituted as plaintiff, a substitution not being in the nature of an amendment.

3. " Because his Honor erred in refusing motion of defendant's counsel for twenty days time to answer the complaint of S. A. Coleman."

The plaintiff made a motion to dismiss the appeal on the ground that no exceptions were taken to the rulings of the presid-

ing judge within ten days after the rising of the court by furnishing a copy of such exceptions. He insists that a general motion of appeal, within ten days, was not a compliance with the act of 1878, which requires "copy of exceptions," &c. 16 *Stat.* 698. This makes it necessary to give construction to that act, and to do so we must look to the law as it stood when the act was passed. According to the code, no error of law in a case tried by a jury could be considered in this court for the purpose of correction, unless it appeared from the record that exceptions, in the matter complained of, had been taken in open court. (§ 288.) But when the case was tried by the court, exceptions could be taken "within ten days, after notice in writing of the judgment, in the same manner and with the same effect as upon a trial by jury." (§ 292.) *Abrams* v. *Kelley & Barrett,* 2 *S. C.* 238, and many other cases.

The act of 1878 alters and amends the law in relation to appeals from the Circuit Court to the Supreme Court in the following particulars:

*The first section* allows ten days after the rising of the Circuit Court at which the case is tried "to except to the rulings of the presiding judge by furnishing a copy of such exceptions to the presiding judge, and by serving them on the attorney of the respondent within the time above limited." The only effect of this provision is to allow the same time—ten days—for exceptions in all cases as were before allowed in cases tried by the court. This, however, does not repeal the law requiring exceptions to be made, but merely, in a certain class of cases, extends the time within which they may be taken, and in such cases prescribes the mode and manner in which it shall be done. The section is not mandatory, but permissive. The words are: "Exceptions for the purpose of appeal to the Supreme Court *may* be taken," &c. The exceptions, as heretofore, may still be taken at the trial, and, if so taken, copy of such exceptions need not be served under the act.

The *second section* of the act of 1878 does alter the law in relation to appeals, by requiring that in all appeals to the Supreme Court the appellant or his attorney shall, within ten days after written notice of the order, decree or judgment appealed from

has been granted, or, if rendered during term time, after the
rising of the court, give notice to the opposite party or his attor-
ney *of his intention to appeal*, and within thirty days after such
notice the appellant, or his attorney, shall prepare and serve "a
case," unless the judge shall extend the time, &c. This section
does not touch the subject of exceptions in any way, but fixes
definitely the term within which must be given *notice of appeal*,
and "the case" be prepared and served, unless the judge shall
extend the time, &c.

In this case no question arises under the second section of the
act, for the notice of intention to appeal was given within the ten
days prescribed, and the objection that "the case" was not served
within the thirty days required, was not insisted on. The ob-
jection is that the first section has not been complied with in
regard to exceptions. It is insisted that no copy of exceptions to
the rulings of the presiding judge were served within ten days,
as required by the act. We have already seen that the first
section was only meant to cover the case where no exceptions
were taken at the trial. If they were so taken, then service of
copy of exceptions under the act was unnecessary. Did the de-
fendant, at the trial, except to the rulings of the presiding judge?
To make objections sufficient to sustain an appeal, it is not
necessary that the word "exceptions" should be used. The
better practice, undoubtedly, is to give the court information at
the time that the party "*excepts*," and have it noted on the
record, so that there can be no question about it; but it has been
held that "when it appears from the record that the judge was
apprised of the intention to rely on the propositions advanced by
way of exceptions, that is sufficient to constitute an exception,
though there is no formal request to note an exception." *Fox* v.
*Railroad*, 4 S. C. 543; *South Carolina R. R. Co.* v. *Wilmington,
Columbia & Augusta R. R.*, 7 S. C. 410; *Clarke* v. *Harper*, 8
S. C. 257. Here the propositions, by way of exceptions, were
positive and unmistakable. The defendants moved for a non-
suit. When that failed they moved for further time to answer,
and, after the verdict against their protest was rendered in favor
of S. A. Coleman, they moved for a new trial. We think it
appears from the record that the judge was "apprised of the

intention to rely on the propositions advanced by way of exception," and that is sufficient to constitute an exception, although there was no formal request to note an exception. The motion to dismiss the appeal is refused.

We will not consider the first ground of appeal that it was error to refuse the motion for a non-suit, as that is involved in the exception as to the substitution of the name of S. A. Coleman, as plaintiff, for that of her husband, George H. Coleman. Upon the subject of mistakes in pleadings and amendments, the code of procedure provides as follows :

"SECTION 193. Where the variance is not material, as prescribed in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs.

"SECTION 194. Where, however, the allegation of the causes of action or defence to which the proof is directed is not proved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance within the last two sections, but a failure of proof.

"SECTION 196. The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party, or by correcting the name of a party, or a mistake in any other respect, or by inserting other obligations material to the case, or when the amendment does not change substantially the claim or defence, by conforming the pleading or proceeding to the facts proved." *Gen. Stat.* 611–12.

It was in the discretion of the Circuit judge at the trial, in furtherance of justice, to grant an order striking out the name of one person and inserting that of another as plaintiff; but we think a change so fundamental, which, in fact, made a new case, was not merely correcting a variance, but making an important amendment, and could not be made without changing substantially the defence, which, upon the same state of facts, might be good against one plaintiff and not maintainable against another. *Cleveland et ux.* v. *Cohrs, ante p.* 397.

These provisions of the code, taken together, do not seem to

give to a Circuit judge greater power than that which was formerly exercised by the chancellors in this state.

In the case of *Jennings* v. *Springs, Bail. Eq.* 181, Chancellor De Saussure had granted an order permitting the complainant, Jennings, to amend his bill by substituting the names of the executors of Pressley for his own, the bill having been filed by him as their agent, and his own name erroneously inserted. Appeal was taken, and the Court of Appeals held that it was within the discretion of the court to permit a bill to be amended by substituting the name of a new for an original complainant, even after answer filed, but upon reasonable terms. And they further held, in that case, that it should be upon payment of all costs up to the time of the amendment, as well as of the amendment itself. We think the denial of the terms that the defendants should have reasonable time to answer the case as standing in the name of the new plaintiff, was error.

The judgment is set aside and a new trial granted.

WILLARD, C. J., and McIVER, A. J., concurred.