6601

MURRAY DRUG CO. v. HARRIS.

1. PARTIES—PARTNERSHIP.—Unless it appear that one contributed to the capital stock of an enterprise, or participated in the profits, or that there was a mutual agency between him and another in the conduct of a business, it is not mandatory that one alleged to be interested in a fraudulent sale of a stock of goods in bulk against the provisions of 25 stat., 1, be made a party defendant in action by creditors against the purchaser and seller.

2. IBID.—Whether one interested in the result of a suit should be made a party defendant is within discretion of trial Judge.

3. REHEARING refused.

Before GARY, J., Sumter, October, 1906.    Affirmed.

Rule in Murray Drug Co. and Cliff Weil Cigar Co. against W. E. Harris and W. W. Abbott against E. K. Gibson, requiring him to show cause why he should not be made a party defendant. From refusal of Rule, defendant, W. W. Abbott, appeals.

*Messrs. Nelson & Nelson* and *D. W. Robinson,* for appellant, cite: Code of Proc., 139, 143; 4 S. C., 510; 11 Barb., 516; 133 U. S., 579; 1 Dan. Ch. Pl. & Pr., 246, etc.; Story's Eq. Pl., sec. 72; 15 Ency. P. & P., 675-9, 988; 6 S. C., 22; 128 U. S., 403.

*Mr. Frank G. Tompkins,* contra, cites: 34 S. E., 568; 26 S. E., 468; 100 U. S., 239; 26 S. C., 511.

The opinion in this case was first handed down on June 28th, 1907, but remittitur held up on petition for rehearing until

July 23, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. In April, 1906, W. E. Harris, one of the defendants herein, conveyed to W. W. Abbott, a codefendant, his entire stock of goods, consisting principally of cigars, tobacco, etc., for the sum of twenty-eight hundred fifty-nine dollars and sixty-four cents. This action was brought under the act of 1906, 25 Stat., 1, which sets out the manner in which mercantile stocks may be transferred in bulk, by the plaintiffs, Murray Drug Company and Cliff Weil Cigar Company, creditors of W. E. Harris, in their own behalf and for the benefit of such other creditors as would come in and share the expenses of the suit. The complaint alleges that Harris violated the act in that he did not make a full schedule of his creditors; that Abbott and Harris did not join in giving ten days' written or printed notice of the proposed sale; that the sale was fraudulent and void. The plaintiffs prayed that the Court enjoin Abbott from disposing of the property conveyed and that personal judgment be issued against him for the amount of the goods already disposed of. Answering the complaint, Abbott denied that the sale was fraudulent or in violation of the said act, and further alleged that in April, 1906, he was approached by one E. K. Gibson with a view to selling

the stock of goods of W. E. Harris; that Gibson was present
at the sale and knew all of the surrounding circumstances;
that W. E. Harris, in consideration of a previous loan of
nineteen hundred dollars, in the presence of all parties to
the transaction, indorsed two of the notes given in payment
for the stock of goods to E. K. Gibson; and, finally, that
Gibson was a partner in business with W. E. Harris and
should be made a party defendant to the action. On July
6th, 1906, his Honor, Judge J. C. Klugh, upon motion of
Abbott's attorneys, issued a rule, requiring Gibson to show
cause why he should not be made a party to the action. On
account of press of business Judge Klugh, with the consent
of the attorneys, afterwards changed the order and made it
returnable before Judge Ernest Gary on July 24th, 1906.
Upon hearing the return Judge Gary filed an order dismis-
sing the motion, and it is from this order that defendant,
Abbott, appeals.

The Code of Civil Procedure, sec. 140, provides that "of
the parties to an action, those who are united in interest
*must* be joined as plaintiffs or defendants"; and also, sec.
139, "Any person *may* be made a defendant who has
or claims an interest in the controversy adverse to
the plaintiff, or who is a necessary party to a com-
plete determination or settlement of the questions involved
therein." It will be noticed that the first clause is mandatory.
Therefore, if Gibson is united in interest with Abbott or
Harris, he *must* be made a defendant. In order to consti-
tute him a partner, however, and thus make him united in
interest with them, it must be shown that he contributed
to the common property, shared in the profits, and that there
existed between him and Harris mutual agency in the con-
duct of the business. These are the incidents of partner-
ship (*Price* v. *Middleton & Ravenel,* 75 S. C., 105), and
unless they appear this Court cannot hold that a partnership
exists. That they do not appear in this case is evident.
There are no facts set forth showing that Gibson contributed
to the capital stock. It is true, that it is alleged that Gibson

lent Harris nineteen hundred dollars to be used in the business, but the lending clearly negatives the idea of investment as a partner. Neither is there evidence showing that he shared in the profits nor that mutual agency existed. Therefore, Gibson was not a partner and not necessarily a party to the action.

Admitting, for the sake of argument, that Gibson is interested in the outcome of the suit, we proceed to consider if this necessarily makes him a party. This section instead of being mandatory is permissive. Persons interested in the controversy or necessary to a complete determination of the action *may* be made defendants. The following language, quoted in *Bank* v. *Seton*, 1 Peters, 299, 305, is appropriate here: "The general rule as to parties undoubtedly is, that when a bill is brought for relief all persons materially interested in the subject of the suit ought to be made parties, either as plaintiffs or defendants; in order to prevent a multiplicity of suits, and that there may be a complete and final decree between all the parties interested. But, this is a rule established for the convenient administration of justice, and is subject to many exceptions, and is more or less a matter of discretion in the Court." The power being discretionary, the only logical person in whom it could be placed is the Circuit Judge. He having dismissed the motion, therefore, this Court, in the absence of abuse of discretion, will not interfere.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

July 23, 1907. PER CURIAM. Upon careful consideration of petition for rehearing, we are unable to discover any material point overlooked in the decision of the Court.

The right of the defendant, Abbott, to show that E. K. Gibson was a partner in the business purchased by him from Harris, or to establish any other liability of Gibson to him growing out of the transaction, is not

affected by the refusal of the Court to make Gibson a party to the action.

It is therefore ordered, that the petition be dismissed and the rehearing refused, and the stay of the remittitur heretofore granted be revoked.