### 10806

MARION COUNTY LUMBER CORP. v. WHIPPLE *ET AL.*

(110 S. E. 70)

PARTIES—DISCRETIONARY TO ALLOW A DEFENDANT'S VENDOR AND WARRANTOR TO COME IN AS DEFENDANT.—Under Code Civ. Proc. 1912, § 10, 167, 171, as to parties defendant, it is in the Court's discretion, in an action for cutting timber claimed by plaintiff, to allow one who sold the standing timber with warranty to defendant to come in as a defendant.

Before McIVER, J., Marlboro, February, 1921. Appeal dismissed.

Action by Marion County Lumber Corporation against C. S. Whipple. From order making J. E. Rogers, Trustee, a defendant the plaintiff appeals.

*Mr. M. C. Woods,* for appellant, cites: *Action one of quare clausum fregit*: 80 S. C., 273. *Persons who may be made party defendants*: Code Proc. 1912, Secs. 167, 171; 77 S. C., 413.

*Messrs. T. I. Rogers and W. M. Stevenson,* for respondents. *Mr. Stevenson* cites: *Order not appealable*: 82 S. C., 563; 52 S. C., 587; 83 S. C., 324. *Action is not one of quare clausum fregit*: 104 S. C., 459; 59 S. C., 131. *Proper case in which to vouch grantor*: 1 Hill, 28; 16 S. C., 554; 1 Spears L., 67; 1 Hill, 29; 1 Strob. L., 65; 7 R. C. L., 1197; 43 Am. Dec., 565; 43 Am. Dec., 606.

December 19, 1921.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

The plaintiff herein /brought an action for damages against the defendant, C. S. Whipple, alleging that he had cut and appropriated certain timber belonging to it.

The defendant, C. S. Whipple, served the following notice on J. E. Rogers, Trustee:

"You will please take notice that an action has been brought against me by the Marion County Lumber Corporation in the Court of Common Pleas for Marlboro County for damages alleged to have been caused it by my cutting and removing certain timber which said corporation claims to have been its property. This timber was conveyed to me by you by warranty deed, and the purpose of this notice is to call upon you to appear and defend this action and to comply with your covenant of warranty and to hold me harmless in said action, and I will rely upon all my legal rights under your covenant of warranty. A copy of this complaint is herewith handed you, and you will take such action as is proper under the circumstances."

His Honor, the Circuit Judge, made the following order:

"The above was a motion by J. E. Rogers, Trustee, to be made a party defendant to this action and be allowed

to plead therein, and was made pursuant to a notice vouching him in by C. S. Whipple, the defendant, to whom he had sold the timber, for the cutting of which the suit was brought. The motion was resisted by the plaintiff, and the hearing was on the papers specified in the notice; it being also admitted on the part of the movant that he had sold and warranted to defendant the very timber cut. The question of the title of this timber is clearly involved, and it appears to me that the movant is vitally interested in the decision and should be allowed to be heard in this case.

"It is therefore ordered and decreed that J. E. Rogers, Trustee, be, and he is hereby, made a party defendant hereto, and be allowed to plead in said case, and that he have 20 days from the date hereof to serve such pleading, and that plaintiff have 20 days from that date to plead thereto."

The plaintiff appealed, and the sole question is whether there was error on the part of his Honor, the Circuit Judge, in allowing J. E. Rogers to be made a party defendant.

Section 167 of the Code provides that—

"Any person may be made a defendant who has or claims any interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein."

Section 171 of the Code is as follows:

"The Court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the Court must cause them to be brought in."

In construing Section 139 (now Section 167 of the Code), this Court used the following language in the case of *Murray Drug Co. v. Harris*, 77 S. C., 410; 57 S. E., 1109:

"This section, instead of being mandatory, is permissive. Persons interested in the controversy, or necessary to a complete determination of the action may be made defendants.

"The following language, quoted in *Bank v. Seton*, 1 Pet., 299, 305, is appropriate here: "The general rule as to parties is that when a bill is brought for relief all persons materially interested in the subject of the suit ought to be made parties, either as plaintiffs or defendants, in order to prevent a multiplicity of suits, and that there may be a complete and final decree between all the parties interested. But this is a rule established for the convenient administration of justice, and is subject to many exceptions, and is more or less a matter of discretion in the Court.' The power being discretionary, the only logical person in whom it could be placed is the Circuit Judge. He having dismissed the motion, therefore, this Court, in the absence of abuse of discretion, will not interfere."

The facts herein are very different from those in the case of *Robertson v. Curlee*, 59 S. C., 454; 38 S. E., 116. In that case the proceedings were commenced in the Probate Court, which has only a limited jurisdiction. Furthermore, the decision in that case may be sustained on the ground that there was no abuse of its discretionary powers.

Appeal dismissed.