October 31, 1924. The opinion of the Court was delivered by
On the 2d day of March, 1922, the defendant, C.D. Merritt, entered into an agreement with the petitioner, Samuel Mercer, by which the former agreed to sell to the latter a lot of land in Charleston, for an agreed consideration which the plaintiff was to pay in installments. This contract of sale has, however, never been recorded. Mercer has since said date paid most, if not all, of the agreed purchase price, and has built a house on the lot in question. On the 31st day of October, 1917, Merritt executed and delivered a mortgage covering the house and lot in question to Matilda Doscher, Executrix of the estate of A.F. Doscher. Upon the death of Matilda Doscher, Freda C. Doscher was duly appointed administratrix c. t. a. of the Doscher estate, and on the 20th of January, 1923, she commenced a proceeding in the Court of Common Pleas for Charleston county to foreclose said mortgage. Merritt, as the mortgagor, was the sole party defendant. The foreclosure action resulted in an order of sale, which sale was duly had; Merritt, the defendant, being the purchaser. He, however, failed to comply with his bid, and before a second sale could be had the petitioner herein, Mercer, applied to a Circuit Judge for an order allowing him to intervene.
The application to be allowed to intervene was based upon a petition and affidavits alone, and no notice was given to Freda C. Doscher of the application. The Circuit Judge in an order executed on the 5th day of June, 1923, upon the showing set out, passed an order allowing the intervention, providing that Mercer be made a party defendant, and enjoining *Page 533 
the resale of the property until Mercer's rights could be determined by the Court. Thereafter the plaintiff, Freda C. Doscher, by her attorney, made a motion before the same Circuit Judge (Hon. R.W. Memminger), supported by additional affidavits, setting out the plaintiff's side of the controversy, and asked that the original order of June 5th, allowing Mercer to intervene, be vacated. After hearing counsel upon this motion the Judge, on June 13, 1923, passed an order, which reads simply "Motion granted."
The present appeal is from the order of June 13, 1923, which vacated the earlier order allowing the intervention. The effect of these two orders is that the Circuit Judge upon a mere ex parte showing, and without notice to the plaintiff, first granted the intervention sought by the petitioner; later upon the plaintiff, whose right to do so is unquestioned, coming in and presenting her side of the controversy and, upon the Circuit Judge considering the whole proposition with the contention of both parties before him, he then determined that the intervention should not be allowed, and that the sale of the property should not be enjoined. He then vacated his former order, which leaves the matter in the same position as if the former order had never been granted. Hence, the present question is whether, under the circumstances, the Circuit Judge erred in not allowing Mercer's petition to be allowed to intervene herein.
A petition to intervene in a pending action, and especially in one that has come to judgment, is not to be granted by the Court to which it is presented as a matter of absolute right. The granting or refusal of the petition depends upon the exercise of the sound discretion of the Court. Coleman v. Heller, 13 S.C. 491. Hellamsv. Prior, 64 S.C. 543; 43 S.E., 25. Marion CountyLumber Corp. v. Whipple, 118 S.C. 90; 110 S.E., 70.Murray Drug Co. v. Harris, 77 S.C. 410; 57 S.E., 1109.Corpus Juris, Vol. 21, p. 344. *Page 534 
The question then for the determination of this Court upon appeal is whether the Circuit Judge herein wisely exercised his discretion, or whether to the contrary there was an abuse of discretion on his part.
The facts presented by the petitioner constitute a claim that, although Mercer failed to record his contract to buy the property, Matilda Doscher, the original mortgagee, had actual notice of the existence of his rights, and that when she took the mortgage in question from Merritt it was with actual notice of, and hence subject to, Mercer's rights. In support of this contention the defendant, Merritt, swears in his affidavit that he made the application for the loan in question to A.A. Kroeg, attorney-at-law of Charleston, now deceased, who was the agent and attorney for Matilda Doscher, and that he actually advised the said Kroeg that he had bargained to sell the lot of land in question to Samuel Mercer, and that Mercer had thereafter paid the greater part, if not all, of the purchase price of the lot, and that despite this positive notice given by Merritt to the effect that Mercer, and not Merritt, practically owned the property, having practically paid the whole of the purchase price, under a written contract of sale, that Kroeg proceeded upon a bond and mortgage from Merritt to Matilda Doscher to lend a sum of money out of the Doscher estate, which the surrounding facts show was at least fifty per cent. of the value of the house which Mercer had built and the lot in question.
The affidavits on the part of the plaintiff, after showing that both Kroeg and Matilda Doscher are dead, disclaim any knowledge of the existence of Mercer's claim on the part of those who are still living, and who are now in charge of the Doscher estate. Freda C. Doscher, the present administratrix, testifies that she was familiar with the transaction at the time that the money was loaned to Merritt, and that she did not hear of Mercer's claim and had no idea that Matilda Doscher had any knowledge of it. *Page 535 
With the foregoing showing before him, this Court is satisfied that the Circuit Judge committed no abuse of discretion in determining that the showing made by Mercer upon the question of fact involved, was not sufficient to justify his being allowed to intervene, and his being allowed to enjoin the sale of the property under the foreclosure decree which had already been made. This Court feels that the Circuit Judge wisely exercised his discretion herein.
It might be added as an additional reason for sustaining the ruling of the Circuit Judge herein, that if Kroeg, who is now dead, and whose version of this matter is hence unavailable, actually received knowledge from Merritt that Mercer was in fact the virtual owner of the property, and that Merritt in fact had no real interest in it, and if Kroeg despite this notice persisted in lending approximately fifty per cent. of the value of the property out of the moneys of the Doscher estate, taking a bond and mortgage from Merritt, who he knew owned virtually no interest in the property, then Kroeg committed a fraud upon the Doscher estate.
While under ordinary circumstances notice to an agent is notice to his principal, it is equally well established by all authorities that knowledge obtained by an agent who is engaged in perpetrating a fraud upon his principal will not be imputed to the principal. Akersv. Rowan, 33 S.C. 451; 12 S.E., 165; 10 L.R.A., 705.Rapley v. Klugh, 40 S.C. 151; 18 S.E., 680. Knobelochv. Germania Savings Bank, 50 S.C. 259; 27 S.E., 962.Steinmeyer v. Steinmeyer, 55 S.C. 9; 33 S.E., 15. FairfieldBank v. Chase, 39 Am. Rep., 331.
Hence, even should it be admitted (which fact, however, is most vigorously denied) that Merritt gave Kroeg the notice claimed, said notice so given, under the circumstances of this case, would not avail the petitioner. *Page 536 
Judgment affirmed.
MESSRS. JUSTICES WATTS, FRASER, COTHRAN and MARION concur.