14557

MEDICAL SOCIETY OF SOUTH CAROLINA *ET AL. v.* HUGER *ET AL.*

*EX PARTE* CAROLINA ART ASS'N

(193 S. E., 642)

138

*Messrs. Nathaniel B. Barnwell* and *Augustine T. Smythe,* for appellant, cite:

*Messrs. Hagood, Rivers & Young,* for respondents, cite:

October 28, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This action was commenced in the Court of Common Pleas for Charleston County on December 18, 1934. The issues made by the pleadings are whether, under the provisions of the will and codicils of Mary Jane Ross, probated September 25, 1922, certain property given by her to the trustees of the Ross Memorial in order to create and maintain a memorial museum in memory of certain members of her family, should be so applied, or whether such property should pass to the plaintiffs, the beneficiaries of the residuary estate of the testatrix, under the provisions of one of the codicils to the effect that if any of the devises or bequests made should "fail or lapse or prove to be void or for any reason ineffectual," the property intended to be so disposed of should become a part of the residuary estate. The plaintiffs allege that what the testatrix gave for the museum is insufficient to make it practicable to operate it, and claim that they are now entitled, under the provisions of the will, to such property. The answers of the defendants set up the practicability of establishing and operating the museum if sufficient time be allowed, and pray that the complaint be dismissed.

In February, 1937, the appellant, Carolina Art Association, filed an intervening petition, setting out that it is a corporation engaged in the "furtherance, maintenance and preservation of all cultural and artistic progress and development" in the community of Charleston, and submitting a plan under which it alleged that the main purpose of the trust created by the testatrix could be carried out and her desires in the matter fulfilled. It asked to be made a party to the cause and for leave to answer so as to set up such plan. The plaintiffs replied to the petition, alleging that Carolina Art Association has no interest in the property, the subject of the suit, nor in the devises and bequests in the will and codicils, and that the petitioner's purpose is an effort to pervert a portion of the trust estate to an object not contemplated by the testatrix. They asked that the petition be dismissed.

The matter was heard by his Honor, Judge. Grimball, who filed an order on March 15, 1937, refusing to make the petitioner a party to the cause and denying to it the right to come in and answer. The association excepts and brings error.

We have given painstaking consideration to the question presented by the appeal, and are satisfied, for the reasons stated by him, that the conclusion reached by Judge Grimball is correct. In *Bomar v. City of Spartanburg,* 181 S. C., 453, 187 S. E., 921, 923, this Court, speaking through Mr. Justice Bonham, stated the principle of pleading involved in Section 404 of the Code of 1932 to be "that in order that one be made a party defendant to an action, such person must have an interest in the controversy adverse to the plaintiff. That is to say, he must have an interest. contrary to the claim which is the foundation of plaintiff's action." See, also, *Ex parte Mercer,* 129 S. C., 531, 125 S. E., 33.

It is not disputed that the property here in question belonged outright to the testatrix to do with as she pleased. The appellant is not mentioned in the will,

nor is it made to appear that it has any interest in the sub-ject-matter of the suit in any way. The contest thereabout is between the plaintiffs and the defendants, who are named in the will and who claim thereunder. We may observe also that the decisions relied on by the appellant, and which we here cite, give no support to its contention that it should be made a party to the action. *Dye v. Beaver Creek Church,* 48 S. C., 444, 26 S. E., 717, 59 Am. St. Rep., 724; *Mars v. Gibert,* 93 S. C., 455, 77 S. E., 131; *Harter v. Johnson,* 122 S. C., 96, 115 S. E., 217; *City of Columbia v. Monteith,* 139 S. C., 262, 137 S. E., 727.

As to whether the plan which the petitioner seeks to sub-mit to the Court is a wise or "well-considered" one, is a mat-ter about which we express no opinion. The comments there-on by the Circuit Judge were unnecessary to a decision of the question before him.

Judge Grimball's order, which will be reported, is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.