14997

GRAHAM v. ALLIANCE INS. CO. *ET AL.*

(6 S. E. (2d), 754)

 August, 1939. 

*Mr. Stephen Nettles,* for appellants, 

*Messrs. Love & Thornton,* for respondent, 

January 9, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The complaint in this action alleges: That Alliance Insurance Company issued its fire policy to respondent in the amount of $1,000.00, insuring a certain building belonging to respondent, and that Equitable Fire Insurance Company issued its similar policy to respondent insuring said property in the amount of $3,000.00; that both policies provided that each company should be liable proportionately for any loss; that there had been a loss and that the Alliance owed respondent one-fourth of the loss; and the Equitable three-fourths of the loss, and judgment was demanded accordingly.

The two appellants filed separate demurrers to the complaint, but the same in effect, raising the point that they could not be lawfully sued in the same action but were entitled to be sued in separate actions.

The demurrer of Equitable Fire Insurance Company (the only one contained in the record), is as follows:

" * * * that two causes of action are improperly united in the Complaint, that is to say, a cause of action against the defendant, Alliance Insurance Company, for loss and damage on a policy of fire insurance issued by it to plaintiff, and a cause of action against this defendant for loss and damage on a policy of fire insurance issued to plaintiff by this defendant. That this defendant is entitled to be sued in a separate action and to have a separate trial of said action, and both causes of action cannot lawfully be joined in the same Complaint."

The demurrers were overruled, and the insurance companies have appealed.

Sections 404 and 409 of the Code of 1932, read respectively:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, *or who is a necessary party to a complete determination or settlement of the questions involved therein,* * * * *."* (Italics added.)

"The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; *but when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in.* * * * *."* (Italics added.)

In construing Section 404 (appearing in the 1902 Code as Section 139, and in the 1912 Code as Section 167) in *Marion Co. Lumber Corp. v. Whipple et al.,* 118 S. C., 90, 110 S. E., 70, the Court quoted with approval from *Murray Drug Co. v. Harris,* 77 S. C., 410, 57 S. E., 1109, as follows:

"This section, instead of being mandatory, is permissive. Persons interested in the controversy, or necessary to a complete determination of the action may be made defendants.

" 'The following language, quoted in *Bank v. Seton,* 1 Pet., 299, 305, is appropriate here: "The general rule as to parties is that when a bill is brought for relief all persons materially interested in the subject of the suit ought to be made parties, either as plaintiffs or defendants, in order to prevent a multiplicity of suits, and that there may be a complete and final decree between all the parties interested. But this is a rule established for the convenient administration of justice, and is subject to many exceptions, and is more or less a matter of discretion in the Court." The power being discretionary, the only logical person in whom it could be placed is the Circuit Judge. He having dismissed the motion, therefore, this Court, in the absence of abuse of discretion, will not interfere.' "

In the case at bar, the appellants have a common interest, to wit, the amount of the loss suffered by respondent; and

as stated by respondent's counsel in their printed brief, appellants' liabilities are interrelated and interdependent.

We find no abuse of discretion on the part of the county Judge, and the result of the order overruling the demurrers is affirmed.

The appellants shall have the right to answer the complaint in this action, or otherwise plead thereto as they may be advised, within twenty (20) days from the filing of remittitur herein.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.