## 17156

LONG MANUFACTURING CO., a Corporation, Respondent, v. MANNING TRACTOR CO., a Corporation, Appellant, HEMINGWAY TRACTOR CO., E. T. KIRBY, Q. C. LEE, W. W. DUKE and A. B. BARRINEAU, Petitioners-Appellants.
(92 S. E. (2d) 700)

*John G. Dinkins, Esq.,* of Manning, *for Appellant, Manning Tractor Company,*

*Joseph O. Rogers, Jr., Esq.* of Manning, *for Petitioners-Appellants,*

*Messrs. Ralph F. Cothran* and *James Hugh McFaddin,* of Manning, *for Respondent,*

May 7, 1956.

Moss, Justice.

The respondent, Long Manufacturing Company, instituted this action for the purpose of recovering from Manning

Tractor Company, one of the appellants, a balance due for certain implements, supplies, parts and merchandise sold and delivered by the respondent to the named appellant. The named appellant answered the complaint and also interposed two counter claims against the respondent. The substance of the answer and counter claims on behalf of Manning Tractor Company shows that the respondent had constituted the named appellant its agent to sell Silent Flame Tobacco Harvesters in the trade territory around Manning, South Carolina. It is alleged that several of these machines were sold to various tobacco farmers in the aforesaid territory. It is further alleged that these machines were defective in certain particulars and that when these defects were brought to the attention of the respondent a promise was made to properly replace all of the defects in said machines with suitable parts and engines. It is further alleged that the respondent failed to comply with its warranty to service and furnish proper parts for the machines sold by the Manning Tractor Company to the various petitioners hereinafter named. It is further alleged in the answer and counter claim that by reason of the respondent's failure to replace the defective parts and pay for the expenses and labor incident to the repair of the harvesting machines so sold, that Manning Tractor Company has been damaged in its reputation with the public and the purchasers of the machines and that such damages resulted by reason of the fraudulent breach of respondent's contract, warranties and agreements with Manning Tractor Company.

The answer alleges that Manning Tractor Company sold certain of the Tobacco Harvester machines to Hemingway Tractor Company, E. T. Kirby, Q. C. Lee, W. W. Duke and A. B. Barrineau. All of these parties have filed a petition in this action alleging that for valuable consideration they purchased the Tobacco Harvester machines and that they proved defective and did not properly function for the purpose for which they had been purchased. All of these parties demand that they be made parties to the aforesaid

action so that they may assert against the plaintiff such claims as they have by reason of the aforesaid facts.

The motion as made by Manning Tractor Company and the petitioners heretofore named came on to be heard before the Honorable J. Frank Eatmon, and on October 8, 1955, by order, he denied the appellants' motion to be made parties to this action, on the ground that the sale and delivery of the goods is a contract which is several and not joint and that the matters and things set forth in the answer and petition do not allege matters which make the petitioners necessary parties for a complete determination of the controversy between Long Manufacturing Company and Manning Tractor Company.

Manning Tractor Company and the petitioners named have appealed to this court from the order of the Trial Judge in refusing to make the petitioners parties to the aforesaid action. The sole question for determination is whether or not the Trial Judge was in error in failing to make the petitioners parties to the action.

Section 10-203, Code of Laws of South Carolina, 1952, provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the questions involved therein.   *   *   *"

Section 10-219, Code of Laws of South Carolina, 1952, provides:

"The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. But when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in.   *   *   *"

In order for the appellants to become parties to this action they must bring themselves within the foregoing statutes which must be construed together.

Both of the foregoing sections were considered in the case of *Simon v. Strock,* 209 S. C. 134, 39 S. E. (2d) 209, 211, 168 A. L. R. 596, from which we quote:

"Sections 404 and 409, Code of 1942, have 'been liberally construed for the purpose of bringing before the court all parties who may be necessary to a complete determination or settlement of all questions involved in the action.' *People's Bank of Hartsville v. Bryant,* 148 S. C. 133, 145 S. E. 692, 694. But a party should not be brought in when doing so has the effect of 'overriding repeatedly declared legal rights and revoking well-recognized procedure.' *Little v. Robert G. Lassiter & Co., supra* (156 S. C. 286, 153 S. E. [128] 130)."

This Court has construed Section 10-203. We quote from the case of *Medical Society of South Carolina v. Huger,* 185 S. C. 137, 193 S. E. 642, 643:

"In *Bomar v. City of Spartanburg,* 181 S. C. 453, 187 S. E. 921, 923, this court, speaking through Mr. Justice Bonham, stated the principle of pleading involved in section 404 of the Code of 1932 to be 'that in order that one be made a party defendant to an action, such person must have an interest in the controversy adverse to the plaintiff. That is to say, he must have an interest contrary to the claim which is the foundation of plaintiff's action.' See, also, *Ex Parte Mercer,* 129 S. C. 531, 125 S. E. 33."

A careful examination of the pleadings in this action fails to reveal that the petitioners, who seek to be made parties to this action, have any interest contrary to the claim which is the foundation of plaintiff's action against the Manning Tractor Company. None of said petitioners are liable for the debt of Manning Tractor Company to the respondent. If liability there be, it is the sole obligation of Manning Tractor Company.

In the case of *Doctor v. Robert Lee, Inc.,* 215 S. C. 332, 55 S. E. (2d) 68, 69, this Court said:

" 'In *Phillips v. Clifton Mfg. Co.,* 204 S. C. 496, 30 S. E. (2d) 146, 148, 157 A. L. R. 1255, the Court said:

"Additional parties are not necessary to a complete determination of the controversy unless they have rights which must be ascertained and settled before the rights of the parties to the suit can be determined." ' "

The controversy here involved is between Long Manufacturing Company on the one hand, and Manning Tractor Company on the other, and a complete determination of this controversy can be had without bringing in the appellants in this action.

This Court has in numerous cases stated that the bringing in of additional parties has to be left very much to the discretion of the Trial Judge. *Murray Drug Co. v. Harris,* 77 S. C. 410, 57 S. E. 1109; *Ellen v. King,* 227 S. C. 481, 88 S. E. (2d) 598. In the present case the Trial Judge, in the exercise of his discretion, refused to make the petitioners parties to the action. No interest of these petitioners is involved which could be prejudiced by any determination of the issues made in the pleadings as between Long Manufacturing Company and Manning Tractor Company.

For the foregoing reasons all exceptions are overruled and the Order of the lower court affirmed.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.