17291

EDWARD C. CROOK, Plaintiff-Respondent, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner-Appellant, v. W. FRANK SMITH, as Administrator of the Estate of Otis L. Smith, Deceased, Respondent.

(98 S. E. (2d) 427)

*Messrs. Butler & Chapman,* of Spartanburg, *for Appellant,*

*Messrs. Benj. A. Bolt,* of Greenville, *and Sam R. Watt and Chester D. Ward, Jr.,* of Spartanburg, *for Respondent,*

May 13, 1957.

Moss, Justice.

It appears from the record that an automobile owned and driven by Edward C. Crook, the respondent herein, and one owned and driven by Otis L. Smith, now deceased, were in a collision in the year 1953. The respondent sustained personal injuries, and he instituted an action against Otis L. Smith, who died during the pendency of the action, and who is now represented by W. Frank Smith, as administrator of said estate, he having been substituted in lieu of the original defendant. The respondent recovered a judgment against the estate of Otis L. Smith in the amount of Five Thousand ($5,000.00) Dollars, in the Common Pleas Court of Spartanburg County, South Carolina. This judg-

ment, which became final because no appeal was taken therefrom, was entered of record in the office of the Clerk of Court for Spartanburg County, South Carolina, on October 27, 1955. An execution was issued upon said judgment against the estate of Otis L. Smith and a nulla bona return was made by the Sheriff of Spartanburg County, South Carolina.

The record shows that the appellant, State Farm Mutual Automobile Insurance Company, issued its liability insurance policy to Otis L. Smith, covering the automobile which he was driving at the time of the collision with the respondent, which said policy had a policy limit to any one person in the amount of Five Thousand ($5,000.00) Dollars.

The present action was instituted by the respondent to recover from the appellant the amount of his judgment. The action is one *ex contractu*. The respondent alleges in his complaint that by the terms of the above referred to contract of insurance, the appellant agreed that it would pay any judgment, not exceeding the sum of Five Thousand ($5,000-.00) Dollars, to any person holding such arising out of the negligent operation of the automobile of Otis L. Smith, now deceased. The complaint further alleges that this policy provided that the judgment creditor would have the right to sue the appellant to collect such judgment, these provisions in the contract being for the benefit of the holder of a judgment against the insured, Otis L. Smith. The complaint then alleges that the respondent demanded payment of his judgment from the appellant and that such demand was refused. It is then alleged by the refusal of the appellant to pay said judgment that it breached its contract of insurance with Otis L. Smith, which was made for the benefit of the respondent herein as a third party creditor beneficiary, pursuant to the terms of the insurance contract.

In defense, the appellant alleged that it issued to Otis L. Smith the liability policy referred to in the respondent's complaint but that said policy contained certain conditions,

terms and limitations and that it sustained no liability for the payment of the judgment obtained by the respondent because of a violation of the provisions of said contract of insurance by the said Otis L. Smith.

The appellant asserts, among other things, that it obligated itself to defend any suit against the insured alleging bodily injuries and seeking damages on account thereof, and that it has the right to make such investigation, negotiation or settlement of any claim or suit as it deems expedient, and it asserts that the insured, following the accident with the respondent, represented to the appellant as to how the accident between the assured and the respondent had occurred, and that he later changed such statement with respect to the facts, thereby misleading and preventing the appellant from exercising its right to negotiate and settle respondent's claim. The appellant further alleged that the insured violated the contract of insurance by assuming liability to the respondent. In brief, the appellant alleges in its answer that the assured violated the terms and provisions of the policy of insurance by his misstatement as to the facts concerning the cause and circumstances of the accident, by admitting his responsibility for the accident and, in effect, assuming obligation therefor, and by his failure to cooperate with the insurer in the defense of the action. The appellant has asserted these various defenses and refers to the provisions of the policy containing such limitations and conditions. The appellant also asserts that no action would lie against it unless as a condition precedent thereto the assured had fully complied with the terms of the policy.

The appellant also pleads, by way of defense, that it refers to the original record and transcript of the trial proceedings and other records in the original action in order to show the policy violations by the assured. The appellant further alleged that the action and attitude of the administrator of the insured's estate, upon the trial of the original cause, was such as to seriously prejudice the appellant's defense. It is further alleged that upon the appellant learning of the

violation by the assured of the various conditions and limitations of the policy of insurance, that it defended the original cause under a full reservation of rights.

The appellant also moved the court to require that W. Frank Smith, as administrator of the Estate of Otis L. Smith, be made a party defendant to this action so that a judgment in this cause will be binding upon the estate of the assured.

The respondent moved to strike the allegations of the answer containing the defenses heretofore outlined, and also to refuse the motion by the appellant to make the administrator a party to this action. The trial Judge granted the respondent's motion to strike the portions of appellant's answer heretofore referred to and also refused the motion by the appellant to make the administrator a party.

The appellant is before this Court on exceptions to the Order of the lower Court. The exceptions raise two questions: (1) Were the allegations stricken from the answer irrelevant, immaterial, redundant and evidentiary? (2) Should the administrator of the insured's estate have been made a party to the action?

In the case of *Du Bose v. Bultman*, 215 S. C. 468, 56 S. E. (2d) 95, 96, this Court says:

"An allegation is irrelevant when it has no substantial relation to the controversy. *Lucas v. Garrett*, 208 S. C. 292, 38 S. E. (2d) 18. The motion here is in the nature of a demurrer. *Mason v. Williams*, 194 S. C. 290, 9 S. E. (2d) 537. The question is whether the matter stricken from the answer constitutes a defense to the cause of action alleged in the complaint."

In the case of *Alexander v. DuBose*, 73 S. C. 21, 52 S. E. 786, 788, we find the following:

"An allegation is irrelevant when the issue formed by its denial can have no connection with nor effect upon the cause of action. Pom. Code Rem., § 551; *Smith v. Smith*,

50 S. C. 67, 27 S. E. 545. An allegation is irrelevant when it has no substantial relation to the controversy. *Nichols v. Briggs,* 18 S. C. 473."

The allegations of the answer which were stricken out by the lower Court have a substantial relation to the controversy made by the pleadings in this action. The allegations of the answer put into issue in this case the question of whether or not the assured had violated the terms, conditions and limitations contained in the insurance contract existing between the appellant and Otis L. Smith.

> It is proper in an answer to allege that which constitutes a defense to plaintiff's cause of action. It is essential that every fact necessary to constitute the defense be pleaded.

This court, in the case of *Williams v. Metropolitan Life Insurance Company,* 202 S. C. 384, 25 S. E. (2d) 243, 246, has concisely stated the rule, as follows:

"The allegations of a pleading merely affirm propositions which are to be established by proof. It is a truism that allegation without proof is as unavailing as proof without allegation. Not only is it essential that every fact necessary to constitute a cause of action or defense be pleaded, but every such fact, if in issue, must be proved."

In the case of *State Farm Mutual Automobile Ins. Co. v. Arghyris,* 189 Va. 913, 55 S. E. (2d) 16, 20, it appears that a judgment had been obtained against the insured and this action was brought by the injured party against the insurer which pleaded certain policy violations by the insured as a defense to the action. It appears that the insurance company had issued a liability policy to one Newman, the owner of the automobile involved in the accident. The car was being driven by one Bohler with the permission and consent of Newman. The insurance company contended that the insured's failure to comply with the policy provisions justified its denial of liability. The Virginia Supreme

Court of Appeals, in passing upon the appeal of the insurer, had this to say:

"The policy in this case contains in clear terms an exact statement of the loss insured against and the conditions under which liability for such loss shall become fixed against the insurance company. Its terms and conditions constitute a contract between the company and the insured under which Bohler, by virtue of the permissive use given by Newman, occupies the same status as Newman. *Combs v. Hunt,* 140 Va. 627, 640, 125 S. E. 661, 37 A. L. R. 621; *Indemnity Ins. Co. of North America v. Davis' Adm'r,* 150 Va. 778, 788, 143 S. E. 328; *Holland Supply Corp. v. State Farm Mutual Automobile Ins. Co.,* 166 Va. 331, 335, 186 S. E. 56.

"The company had no contract with Arghyris or his son. They claim through Bohler, have his rights and are under his disabilities. Bohler must have done those things which he contracted to do before he had a right to recover against the company. If Bohler had no such right, Arghyris and his son were without right. *Hunter v. Hollingsworth,* 165 Va. 583, 589, 183 S. E. 508."

In the case of *Peeler v. United States Casualty Co.,* 197 N. C. 286, 148 S. E. 261, 264, an action was brought by one Peeler to recover on a policy issued by the insurer to one Graham the amount of a judgment awarded him because of injuries sustained in an automobile collision with Graham, the insured. The Insurance Company, by way of defense, plead certain policy violations by Graham, the insured. The Supreme Court of North Carolina, in reversing a judgment against the insurer, announced this rule:

"It would be extravagant to hold that the plaintiff in this action, who is not a party to the contract between the defendant and Graham, acquired rights under the policy which are superior to Graham's, and that the defendant is liable to him, although it is not liable to the party with whom the contract was made. One who seeks to take advantage of a

contract made for his benefit—if in any view the contract of insurance can be construed as made for the plaintiff's benefit—must take it subject to all legal defenses, such as the nonperformance of conditions. 13 C. J. 699, § 799. As the assured failed to comply with the contract, and as the plaintiff has no rights superior to those of the assured, the plaintiff cannot maintain his action."

In the case of *Walker v. New Amsterdam Casualty Co.,* 157 S. C. 381, 154 S. E. 221, 223, the record reveals the Insurance Company issued its policy of insurance to one Walker covering his automobile. It appears that the insured was in a collision with a Mrs. Love, and that she recovered judgment against Walker for her injury and damage. The insured brought an action against the insurer to recover the amount of the judgment awarded to Mrs. Love. The Insurance Company plead policy provisions. This Court, in passing upon an appeal by the insurer, had this to say:

"When Mrs. Love obtained her judgment, the liability of the appellant to the respondent for the amount thereof immediately attached, if the respondent had complied with the terms of the contract, even if the respondent had not paid the judgment."

It thus appears that one of the conditions upon which Walker could recover against the Insurance Company was that he had complied with the terms of the contract of insurance. This Court held that under the testimony in the cited case, where the evidence was in conflict as to a violation of the policy provisions, a question for the jury was raised.

The present action is one plainly upon contract. It is, therefore, subject to any proper defense by the Insurance Company under the terms of its contract. The issue between the parties here is the same as it would be had the assured brought the action. The insurer has set forth in its answer a violation of the policy contract by the insured. If it establishes its defense, the respondent cannot recover against it.

We are not here concerned with a decision on the merits. The sole question is whether or not the lower court was in error in striking from the appellant's answer an allegation of noncompliance or violation by the insured of the policy or contract of insurance. These allegations tend to show a state of facts under which the insurer would be relieved of liability, even if the allegations of the complaint were all true. We think the lower court was in error in granting the motion to strike the stated allegations of the answer.

The next question for determination is whether or not the lower Court was in error in failing to join as a party defendant W. Frank Smith, as administrator of the estate of Otis L. Smith, deceased.

Section 10-203, Code of Laws of South Carolina, 1952, provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the questions involved therein. * * *"

Section 10-219, Code of Laws of South Carolina, 1952, provides:

"The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights. But when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in. * * *"

The two foregoing statutes must be construed together in order to determine whether the court below was in error in failing to join, upon motion of the appellant, W. Frank Smith, as administrator of the estate of Otis L. Smith, deceased, as a party defendant.

This court has in numerous cases stated that the bringing in of additional parties has to be left to the discretion of the Trial Judge. *Murray Drug Co. v. Harris,* 77 S. C. 410,

57 S. E. 1109; *Ellen v. King*, 227 S. C. 481, 88 S. E. (2d) 598; *Long Mfg. Co. v. Manning Tractor Co.*, 229 S. C. 301, 92 S. E. (2d) 700. The appellant does not charge the trial Judge with abuse of discretion. This leaves for consideration whether the party sought to be joined was a necessary one.

Both of the foregoing sections of the Code were considered in the case of *Simon v. Strock*, 209 S. C. 134, 39 S. E. (2d) 209, 211, 168 A. L. R. 596, from which we quote:

"Sections 404 and 409, Code of 1942, have 'been liberally construed for the purpose of bringing before the court all parties who may be necessary to a complete determination or settlement of all questions involved in the action.' *People's Bank of Hartsville v. Bryant*, 148 S. C. 133, 145 S. E. 692, 694. But a party should not be brought in when doing so has the effect of 'overriding repeatedly declared legal rights and revoking well-recognized procedure.' *Little v. Robert G. Lassiter & Co., supra* (156 S. C. 286, 153 S. E. [128] 130)."

This court has construed Section 10-203. We quote from the case of *Medical Society of South Carolina v. Huger*, 185 S. C. 137, 193 S. E. 642, 643:

"In *Bomar v. City of Spartanburg*, 181 S. C. 453, 187 S. E. 921, 923, this court, speaking through Mr. Justice Bonham, stated the principle of pleading involved in section 404 of the Code of 1932 to be 'that in order that one be made a party defendant to an action, such person must have an interest in the controversy adverse to the plaintiff. That is to say, he must have an interest contrary to the claim which is the foundation of plaintiff's action.' See also, *Ex Parte Mercer*, 129 S. C. 531, 125 S. E. 33."

In the case of *Phillips v. Clifton Mfg. Co.*, 204 S. C. 496, 30 S. E. (2d) 146, 148, 157 A. L. R. 1255, this Court said:

"Additional parties are not necessary to a complete determination of the controversy unless they have rights which

268

must be ascertained and settled before the rights of the parties to the suit can be determined."

The controversy here involved is whether or not the appellant is liable to the respondent upon the contract which it made with Otis L. Smith, now deceased. The administrator of his estate is not a necessary party to a determination of this question.

The Order of the Court below, on the question of striking the allegations of appellant's answer is reversed, but that portion which refused to join an additional party as a defendant is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.