18541

J. Archie LEE, Respondent, v. GULF INSURANCE COMPANY, Appellant

(149 S. E. (2d) 639)

*Messrs. Burroughs & Green,* of Conway, *for Appellant,*

*Winston W. Vaught, Esq.,* of Conway, *for Respondent,*

July 28, 1966.

WILLIAM L. RHODES, JR., Acting Associate Justice:

The plaintiff-respondent instituted this action against the defendant-appellant for recovery of a judgment previously obtained by him against one Kirby Dix. The judgment was obtained in an action predicated on the negligence of Dix in the operation of his automobile and the resulting property damage to a building owned by the respondent. The appellant is the liability insurance carrier for Dix. The complaint alleges the existence of the liability insurance policy with Dix as the named insured and the procurement of the judgment against him as above stated. The answer of the appellant insurance carrier alleges, *inter alia,* non-coverage by reason of its contention that Dix was an employee of the respondent and in charge of the building that was damaged and sets forth a provision of the policy to the effect that destruction of property "in the charge of the insured" is excluded from coverage. The case was tried before a jury and resulted in a verdict for the respondent in the amount of the judgment previously obtained.

During the course of the trial, the appellant attempted to introduce into evidence the signed statement of Kirby Dix through identification by one Tanner, an adjuster for the appellant company. The Court excluded the statement, ruling that it was hearsay. The appellant then attempted to elicit from Tanner certain statements alleged to have been made to him by Dix. This was likewise excluded by the trial judge on the ground of hearsay. Dix was not offered by either litigant as a witness in the case nor is his absence explained in the record. The sole question presented on this appeal is whether or not the exclusion of this evidence by the trial judge constitutes error.

The appellant argues that such evidence is admissible against the respondent on the theory that the respondent "stepped into the shoes" of the insured Dix when he instituted the present action, and that he is thereby rendered subject to all disabilities and the beneficiary of all rights accruing to the insured. It is the position of the appellant that since the evidence offered would have been admissible had Dix been the plaintiff, it would necessarily be admissible against the respondent in his substituted role. The law is well settled in this jurisdiction that an injured party who brings suit against a liability carrier in order to collect on a judgment previously acquired against an insured is possessed of all rights of the insured and subject to all defenses that exist as between the insured and the insurance carrier. *Crook v. State Farm Mutual Automobile Insurance Company*, 231 S. C. 257, 98 S. E. (2d) 427. While the principle of law above stated is well settled, there is no case in this jurisdiction supporting the contention of the appellant that the same evidence would be rendered admissible regardless of whether the suit be brought by the insured or the injured party. To say that the respondent had the same substantive rights and is subject to the same defenses as the insured is not to say that the ordinary rules governing the admissibility of evidence should be modified or suspended in a trial adjudicating these substantive rights and defenses.

The rule against hearsay evidence is well established. Unless it comes within one of the exceptions it is not admissible. This Court in *Cooper Corp. v. Jeffcoat*, 217 S. C. 489, 61 S. E. (2d) 53, quoted with approval from *Jones v. Charleston & W. C. Ry. Company*, 144 S. C. 212, 142 S. E. 516, 517, the following:

"The reason for this rule of exclusion is that hearsay is not subject to the ordinary tests required by law for ascertaining its truth, the author of the statements not being subject to cross-examination in the presence of a court of justice, and not speaking under the penal sanction of an oath, there being no opportunity to investigate his character

and motives, and his deportment not being subject to observation. And the misconstruction to which such evidence is exposed, from the ignorance or inattention of the hearers, or from criminal motives, is a powerful additional objection."

In the case of *Columbia Casualty Company v. Thomas, et al.*, 5 Cir., 101 F. (2d) 151, substantially the same question here presented was before that Court. A suit for declaratory judgment was instituted by the insurance carrier against the named insured (Clauson), a claimed additional insured (Thomas) who was the operator of the truck owned by the named insured, and a number of persons injured or claiming to have been injured in the collision. The suit sought a judgment declaring that the truck, at the time of the collision, was not being operated within the policy coverage. As part of its testimony plaintiff offered an affidavit by Thomas as to what he was doing in and with the truck before and at the time of the collision, which affidavit was excluded from evidence by the trial judge. The plaintiff appealed this ruling basing its contention of admissibility on the ground that since the damage claimants derived their rights under the policy through Thomas, they were bound by admissions against his interests contained in the affidavit. The Court refused to adopt this view of the appellant in the following language found on pages 152 and 153:

"This is contrary, we think, to every sound principle of the purpose and effect of proof. If admissions in favor of the insurer contained in an *ex parte* statement it has procured from the claimed additional assured, the driver of the insured vehicle, are binding on the named assured, and on persons claiming to have been injured by the vehicle, the rights of the named assured and of third parties under such policies would be of small value. For it is unfortunately true that *ex parte* affidavits, which do not speak the truth, are easily procurable, and are procured from willing persons, who, though they may not be corrupt, may be ignorant and easily led. If, to their effect against the affiant, there is

added by the rule invoked, an effect against third persons, such affidavits will be at a premium, and the race for them will be on."

We are of the opinion that the ruling of the trial court in excluding this evidence was proper.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.